## BROWN *v*. BUCK.

Decided May 2, 1891.

1.  *Materialman's lien—Railroad—Act of 1887.*
    The railroad lien act of March 19, 1887, creates a lien in favor of one who furnishes materials to build any railroad, whether incorporated or not.

2.  *Against whom enforced—Limitation.*
    The lien may be enforced by suit against a purchaser of the railroad, within one year after the lien accrued, although his title was acquired without notice of the lien.

APPEAL from *Craighead* Circuit Court, Jonesboro District.

J. E. RIDDICK, Judge.

M. M. Buck & Co. furnished to the Missouri Lumber Company rails and spikes to build a spur track from the Kansas City, Fort Scott and Memphis Railroad to a cypress brake a mile distant. The lumber company sold the track and appurtenances to S. A. Brown & Co., who purchased without notice of the lien of Buck & Co. Subsequently and within a year from the time the materials were furnished, Buck & Co. instituted this suit to enforce their lien upon the railroad. Brown & Co. interpleaded, and have appealed from a decree enforcing the lien.

*J. C. Hawthorne* for appellants.

The intention of the legislature was to provide for liens on railroads constructed by railway companies and owned and operated as such, and not temporary tracks, used to haul timber only, owned by private parties. Acts March 19, 1887; 99 N. Y., 43; 1 Blacks. Com., pp. 59–60; 93 U. S., 451; 27 Ark., 564.

*J. M. Moore* for appellee.

This was a railroad, within the meaning of the act of 1887. Bouvier, L. Dict.; 70 Pa., 210; 3 Cal., 241. Any one may build and operate a railroad. Rorer on Railroads, page 8; 30 Vt., 182; Pierce on Railways, 2; Beach on Railways, vol. 1., sec. 22; Wood on Railways, 1, 2, 3. Statutes giving liens are now usually liberally construed, so as to give full effect to the remedy. 1 Jones on Liens, sec. 105; Phillips on Mech. Liens, 2d ed., sec. 16; 46 Mo., 595; Houck on Liens, 38. As to liens against railways, see 3 Cal., 241; 4 Met. (Ky.), 316; 25 Ark., 490; 41 Conn., 454; 11 Wis., 220; 31 Wis., 451; 12 N. Y., 630; 24 Mo., 587; 3 Mo. App., 559; 39 A. & E. R. Cases, 242; 101 U. S., 446; 43 A. & E. R. Cases, 622; 23 Pac. Rep., 670; 77 Mo. 315. The language of the act is "*any railroad.*"

**1. Construction of railroad lien act.**

PER CURIAM. The act of March 19, 1887, creates a lien in favor of one who furnishes materials to build " any railroad," upon the road-bed, equipments and appurtenances to the road. The language is broad enough to embrace every railroad, whether incorporated or unincorporated. The lien may exist therefore where the railroad is constructed by individuals who own the road as a co-partnership or in common without incorporation.

**2. Limitation.**

The act manifests the intent to preserve the lien as against the "owners" and others for the space of one year after the lien accrues (with the right to continue it by the institution of a suit to enforce it), whether the ownership was acquired before or after the lien attached. One who becomes the owner within the year takes the property subject to the lien, as in the case of a purchase of property subject to a me-

chanic's lien before the expiration of the time fixed by the statute for filing the evidence of the lien.

The interest in the railway claimed by the interpleaders was subject to the lien asserted by the plaintiffs. The judgment is therefore affirmed