WHITE RIVER LUMBER CO. *v.* SOUTHWESTERN IMPROVE-
MENT ASSOCIATION.

Decided March 26, 1892.

*Foreign corporation—Doing business in the State.*

> In a suit by a foreign corporation to enforce a contract for the lease of land
>    situated in this State it is not a·defense that the corporation has done
>    business in the State and has not complied with the act of April 4, 1887,
>    prescribing the conditions upon which foreign corporations may do busi-
>    ness in the State, if it does not appear that the contract sued on was
>    made in the State or in the course of business done here.

APPEAL from *Monroe* Circuit Court.

MATTHEW T. SANDERS, Judge.

The Southwestern Improvement Association, a Missouri
corporation, sued the White River Lumber Company, a
corporation of Arkansas, to recover rents due under a con-
tract for the lease of land situated in this State. Defendant
has appealed from a judgment in plaintiff's favor. The facts
sufficiently appear in the opinion.

*Sanders & Watkins* for appellant.

1.  By Acts 1887 (April 4th), all contracts of foreign cor-
porations are absolutely void unless the act is complied
with. Such acts have been held valid. 8 Wallace, 168; 13
U. S., 381; 1 Am. & Eng. Corp. Cases, 1, 19; 3 *id.*, 131;
Morawetz on Private Corp., secs. 500, 512; Beach on Priv.
Corp., secs. 414, 418.

2.  The court erred in excluding testimony showing that
appellee came within the terms of the act.

3.  Compliance with the act was a pre-requisite to its
authority to make a valid contract in this State. 4 A. & E.
Corp. Cases, 6.

*H. A. Parker* for appellee.

The contentions of appellant are all settled against it in
18 S. W. Rep., 43. It was not proved that the contract was
made in this State. *Ib.*

S C—40

HEMINGWAY, J.   The only defense to the action in this case was that the contract sued upon was made by a foreign corporation which had not complied with the constitution and statutes prescribing the terms on which such corporations may do business in the State.   It appeared by the complaint that the plaintiff was a foreign corporation; and the defendant offered to prove that it had done business in the State and had not complied with the law relating thereto, but the court excluded the evidence.   The defendant asked that the court instruct the jury, in substance, that the plaintiff could not recover unless it had complied with the law, but the court refused the instruction.   The question presented is, was there any error in these rulings?   Suppose it had been admitted that the plaintiff had done business in the State and had not complied with the laws regulating its right to do so, would that defeat the action?   If not, there was no error in the court's ruling.

The law affords no relief upon contracts made against its prohibition; but relief is withheld, not because the plaintiff has done illegal acts, but because the cause of action is a part of or connected with them.   Although the plaintiff may have violated provisions of the law in particular transactions, it does not refuse relief upon a contract not connected with or a part of the prohibited acts.   So if the plaintiff did business in this State contrary to law, and in connection therewith made a contract, no recovery could be had upon that contract; but, notwithstanding such illegal business, if the plaintiff made an independent contract abroad, a recovery thereon would not be defeated by the disconnected prohibited acts here.   Now it is not alleged in the complaint or answer, nor shown by the proof admitted or that excluded, that the contract sued on was made in this State or in the course of business done here; for aught that appears it may have been made in a foreign State in the course of a business lawfully done there, and in the absence of a showing the law will not imply facts disclosing the illegality of the contract. If it was lawfully made abroad, there is nothing in the laws

of this State to preclude à recovery upon it in our courts.
The prohibition relied upon is against doing business here,
and not against doing business abroad that relates to prop-
erty here. And the making of a lease abroad and taking
an obligation for the rent is not doing business here within
that prohibition, although the demised premises are in this
State. The law was designed to regulate corporations that
come within the State to transact business with its citizens,
and not such as might be found and dealt with abroad. In
the latter case, the dealing is tested by the law of the place
where it is had. Upon this principle the Supreme Court of
Indiana held that where a deed was made there to lands in
Missouri, its covenants would be construed by the laws of
Indiana. *Jackson* v. *Green*, 112 Ind., 341.

This case is controlled by the principles announced in the
case of the *Railway Company* v. *Fire Association, ante*, p.
163, and might have been disposed of by reference to it.
The evidence excluded, with that admitted, disclosed no
defense to the action, and there was no error in excluding
it. The instruction refused was not the law. We have not
deemed it necessary to consider points raised by the appellee
as to the sufficiency of the bill of exceptions, and decide
only the questions indicated by the opinion.

Affirm.