VERDICT.

indicate to your minds what is meant by the words "lawful pur-pose." If you are satisfied from the evidence, beyond a reasonable doubt, that the accused was, at the time of his arrest, carrying con-cealed a deadly weapon upon or about his person, other than an ordinary pocket-knife, and he has not shown to you satisfactorily by the evidence that his purpose was a lawful one, your verdict should be guilty. It matters not what may have been his intent or purpose, unless he has satisfied you that it was lawful in the sense we have indicated; and in order to convict it is not necessary for the State to prove that the purpose was unlawful. The burden is upon the prisoner to prove that it was lawful.

Verdict, guilty.

---

### STATE vs. CLARA HOLMES.

*Criminal Law—Indictment—Pleading—Statute; Construction of —
Maiming Without Lying in Wait—What Constitutes
Maiming Under the Statute—Putting
Out an Eye.*

1. An indictment for maiming, framed under *Section 9, Chapter 127, Rev. Code 924*, need not aver that the act was not done " without lying in wait."

2. Putting out and destroying the eye of another, *held* to be maiming within the meaning of said section.

(*February 6, 1903.*)

JUDGES PENNEWILL and BOYCE sitting.

*Robert H. Richards,* Deputy Attorney-General, for the State.

*Daniel O. Hastings* for defendant.

Court of General Sessions, New Castle County, February Term, 1903.

INDICTMENT FOR MAIMING.

The indictment, consisting of two counts, was framed under *Section 9, Chapter 127, Rev. Code, 924,* and the first count of same, omitting the formal opening, was as follows :

" That Clara Holmes, late of Wilmington Hundred, in the county aforesaid, on the tenth day of January, in the year of our Lord, one thousand nine hundred and three, with force and arms, at Wilmington Hundred in the county aforesaid, did, then and there, unlawfully and maliciously, in and upon one Bella Johnson, make an assault, and, then and there, unlawfully and maliciously, a certain acid, the kind and character of which are to the jurors aforesaid unknown, with the right hand of her, the said Clara Holmes, upon and into both the eyes of her, the said Bella Johnson, did throw, and by such throwing, as aforesaid, she, the said Clara Holmes, did, then and there, the left eye of her, the said Bella Johnson, put out and destroy, and then and there, and thereby, she, the said Clara Holmes, her, the said Bella Johnson, did maliciously maim, against the form of an Act," etc.

The second count of the indictment was similar to the above, except that it alleged that the left eye of the said Bella Johnson was permanently injured by the said defendant.

*Hastings,* for defendant, moved to quash the indictment ; contending that the statute under which the indictment was framed provides, *first,* that if any person shall maliciously and by lying in wait maim another, etc., and *second,* that if any person shall maliciously *without lying in wait,* commit the same crime he shall be deemed guilty of the offense of maiming. The indictment did not state whether the offense charged was committed by lying in wait or

without lying in wait; the defendant is entitled to know on which section of the statute the State depends. If it is the intent to prosecute the defendant for a felony, of course it would be necessary to state " and by lying in wait." But the following section goes on to say that if it was done without lying in wait, then the punishment should be so and so; and it is as necessary to set that out if that is what the State is going to stand upon, as it would be to set out the lying in wait. I take it that this indictment would not stand on Section 8 alone, but I do not see how it can stand on the next section unless they comply with the section.

The second count in the indictment differs from the first in this, that " she, the said Clara Holmes, did, then and there, the left eye of her, the said Bella Johnson, permanently injure, and then and there, and thereby, she, the said Clara Holmes, her, the said Bella Johnson, did maliciously maim," etc.

I do not know of any definition of maiming given by the words of this statute. I suppose the maiming is the common law maiming, and unless the permanent injury of any eye is maiming at common law, that count cannot stand. Bishop gives the definition of maiming as " a hurt of any part of a man's body whereby he is rendered less able to fight either to defend himself or to annoy his adversary," and quotes the definition given by the New York Commission, which is " an injury inflicted upon any person which disfigures his personal appearance or destroys some member of his body." But that is not the definition given at common law, which is " an injury which impairs the power of attack or defense." The injury of an eye does not impair one's power of protection, although the putting out of an eye might do it.

My second contention goes to the second count only. My first contention goes to both counts—that it should be set out that this act was done without lying in wait.

I therefore contend that the indictment is defective and uncertain, and for these reasons should be quashed.

*Richards, Deputy Attorney-General* :—It is clear from the indictment itself that it is drawn under *Section 9 of Chapter 127, Revised Code.* Section 8 specifically makes the offenses enumerated, felonies, and says they may be committed by lying in wait. If drawn under Section 8 the indictment would allege that it was done feloniously. It does not charge a felony, and therefore could not be drawn under Section 8.

As to the contention that the indictment must contain the averment that the act was done without lying in wait, I submit that the words " lying in wait " in Section 9, are simply used therein for the purpose of distinguishing it, in the manner in which the offense is committed, from Section 8.

*1 Bishop's Criminal Pleading, Sec. 631*, lays down the principle that where there is a statute prohibiting the carrying concealed a deadly weapon and it contains an exception which provides that the statute shall not apply to police officers and public officers, the indictment must negative the exception. In this statute, however, there is no exception, no negative provision, but it merely states that if any person shall maliciously, without lying in wait, maim another person, he shall be deemed guilty. We do not have to prove that he was not lying in wait, because the offense charged in this indictment under Section 9 of the statute is merely the maiming; Section 8 is maiming by lying in wait.

As to the contention whether or not the specific act charged in the indictment constitutes a maiming, the argument of the learned counsel seems to be directed to the crime of mayhem. This is not mayhem and it is not so charged in the indictment. As to what constitutes maiming under this statute and similar statutes in other States and in England, there can be no doubt that the essential definition of maiming as used in these statutes is that it is the perpetrating of an injury upon a human being, the result of which is permanent injury.

*McLane's Crim. Law, Sec. 432, 434 ; Bishop on Statutory Crimes, Sec. 316 ; 2 Bouv. Law Dict., Sec. 2.*

PENNEWILL, J.:—The Court refuse the motion to quash the indictment or either of the counts thereof.

(The defendant thereupon entered a plea of guilty.)