WOOLFORT v. DIXIE COTTON OIL COMPANY.

Opinion delivered December 2, 1905.

FOREIGN CORPORATION—RIGHT TO SUE.—Under Act of May 23, 1901, providing that a foreign corporation, before it shall be authorized to estab-

lish or to continue its business in this State, shall file a copy of its articles of incorporation and a statement of the proportional part of its capital stock in use in its business in the State and county, and that no such corporation shall be authorized to make contracts or to sue thereon until the act has been complied with, *held,* that a foreign corporation may recover upon a contract made by it in this State, although it failed to file a copy of its articles of incorporation and the required statement until after the commencement of the suit.

Appeal from Pulaski Circuit Court; EDWARD W. WINFIELD, Judge; affirmed.

*Bradshaw, Rhoton & Helm,* for appellant.

The power of a foreign corporation to make a contract in this State is limited by the statute. Act May 23, 1901, § § 1, 2.

It is in the discretion of the State to exclude a foreign corporation entirely, or, on admitting it, to prescribe the terms upon which it may transact business. 8 Wall. 168; 57 Ark. 33; Murfree on Foreign Corporations, § 2; 49 Ohio St. 440; 119 U. S. 110; 155 U. S. 648, and cases cited; 2 Cook, Corp. 697-700.

If a statute simply provides that, before doing business, the company shall comply with certain conditions, and prescribes no penalty, it, in effect, withholds the comity of recognition of its corporate capacity from the foreign company, and it comes into the State without legal capacity to make a contract. Murfree on Foreign Corporations, § 80; 55 Vt. 526; 6 Oreg. 431. Its contracts are void. Beale on Foreign Corp., 214 and cases cited; 6 Gray (Mass.), 376; 2 Allen (Mass.), 398.

*Marshall & Coffman,* for appellee.

Contracts made by a foreign corporation within the State before compliance with the statute are not void, and may be sued on by the corporation after compliance. Beale on Foreign Corp. § 213; 51 N. W. (S. D.), 706; 49 Pac. (Mont.), 446; 49 N. E. (N. Y.) 1043; 54 N. E. (Ind.) 753; 53 N. E. (Mass.) 855; 83 Fed. 403; 84 Fed. 514; 58 C. C. A. 79; 70 Ark. 525; 72 Ark. 327. An individual contracting with a foreign corporation is estopped to deny its right to contract. 51 S. W. 620; 3 So. 307; 37 Pac. 287; *Ib.* 298.

Unless it appears affirmatively that the Legislature intended to render the forbidden act or contract absolutely void in legal

contemplation, it will not be so held.   58 C. C. A. 79; 98 U. S. 621, 627.

McCULLOCH, J.   The only question raised by this appeal is whether a foreign corporation doing business in this State can recover upon a contract made by it without having complied with the statute requiring that such corporations, before attempting to do business in the State, shall file with the Secretary of State and county clerk a certified copy of their articles of incorporation.

Kirby's Digest, § § 825, 826, 827, 828, 829, and 830, provide that a foreign corporation shall, before doing business in the State, file in the office of the Secretary of State a copy of its charter and a certificate designating an agent upon whom process may be served, and declare that, if any corporation shall fail to comply with the statute, it shall be subject to fine, and that no suit can be maintained to enforce its demands.

Appellee complied with this statute before entering into the contract sued on.

The Legislature enacted a statute May 23, 1901 (Kirby's Digest, § § 832, 833), section one of which provides that a foreign corporation, before it shall be authorized or permitted to establish or continue its business in this State, shall file with the Secretary of State and county clerk a copy of its articles and a statement of the proportional part of capital stock in its business in the State and county.   The second section of said act is as follows:

"That no corporation formed or organized in another State, territory, county or country, shall be authorized or entitled to make any contract in this State until it has complied with the provisions of the foregoing section, nor shall it be authorized to sue on any contract made in this State until the provisions of section one (1) of this act are complied with; provided, that corporations now doing business in this State may have sixty (60) days to comply with this act."

This act was not complied with until after the commencement of this suit to enforce the contract, which was entered into on March 8, 1902.

In the two cases of *Buffalo Zinc & Copper Co.* v. *Crump,* 70 Ark. 525, and *Sutherland Co.* v. *Chaney,* 72 Ark. 327, it was held

that a foreign corporation which complied with the first named statute *after* it had commenced an action was entitled thereafter to maintain it. In each of those cases the contract sued on was entered into prior to the enactment of the first-named statute (February 16, 1899), and the suit commenced after its enactment.

In the case first cited above, the court said: "The penalties of the act in question are, doubtless, intended to compel an observance of its terms. When that is done, its purpose is accomplished, the condition upon which the right to maintain an action depends is performed, and the plaintiff can in the future prosecute it to a final judgment."

It will be observed that there is a substantial difference between the provisions of these two statutes. In addition to requiring, as a prerequisite to doing business in the State, the performance of entirely different acts on the part of the corporations, the first-named statute expressly provides that in the event of failure to comply therewith it shall be subject to fine of $1,000. It is noteworthy also that a prior statute on the subject (act of April 4, 1887) provided that in the event of a failure of a corporation to comply with its provisions all contracts made with citizens of the State shall be void. The statute now under consideration contains no such provision. It merely declares that "no foreign corporation shall be authorized or entitled to make any contract in this State, nor to sue on any contract made in this State, until it has complied with the foregoing section."

Prof. Beale in his late work on Foreign Corporations (sec. 213) says: "The weight of authority supports the view that contracts made by foreign corporations within the State before compliance with the statute are not void, and that suit may be brought upon them either by the other party or (after compliance, if that is, as often happens, made a condition of suing) by the corporation." While there is much conflict in the authorities, they seem to sustain the statement of the author. *Wright* v. *Lee,* 2 S. D. 596; *Security Savings & L. Co.* v. *Elbert,* 153 Ind. 198; *Neuchatel Asphalte Co.* v. *Mayor, etc.,* 155 N. Y. 373; *Enterprise Brewing Co.* v. *Grime,* 173 Mass. 252; *People* v. *Hawkins,* 106 Mich. 479; *Blodgett* v. *Lanyon Zinc Co.,* 120 Fed. 893; *Alleghaney Co.* v. *Allen,* 69 N. J. L. 270.

The New Jersey Court of Errors and Appeals in the case cited above said: "The tendency of judicial decisions on this subject, where the statute does not declare the contract to be void, is to a strict construction, maintaining the validity of the contract and holding that the only effect of such legislation in the State where it is enacted is to impose the prescribed penalties and the expressed disability."

This court, in the case of *State Mutual Ins. Assn.* v. *Brinkley Stave Co.,* 61 Ark. 1, held that the contract of a foreign insurance company which had not complied with the requirements upon which such corporations could do business in the State was not void, for the reason that the statute did not in terms declare such contracts to be void. That decision seems conclusive of this case. The only distinction between the two cases is that the insurance statute imposes a penalty for doing business in the State without having complied with its terms, whilst the statute under consideration imposes no penalty further than to declare that no suit may be maintained by the corporation until the terms of the statute be complied with. We do not think this alters the rule. The statute does plainly prohibit the maintenance of a suit until its terms are complied with, and, in the absence of a provision expressly declaring the contract to be void, we do not feel at liberty to say that the Legislature intended to fix the latter penalty. If it had been intended to declare the contract absolutely void and of no effect, the further provision that no suit should be maintained thereon was superfluous. Learned counsel for appellant contend that the latter provision was, however, intended to apply only to contracts made before the passage of the statute. so as to enable the corporation to qualify itself to enforce valid contracts entered into before its passage. We do not agree with them that the provision is so limited in its operation. It manifestly and in express terms applies to "any contract made in this State."

We, therefore, hold that a contract made by a foreign corporation before compliance with the terms of the statute is not void, but may be enforced in the courts of the State after it has duly complied with the statutory requirements.

Judgment affirmed.