## CISCO et al. v. LOOPER.

### (Circuit Court of Appeals, Eighth Circuit. September 18, 1916.)

### No. 4632.

**1. APPEAL AND ERROR ⬥⟿728(1)—REVIEW—QUESTIONS PRESENTED.**

Assignments of error complaining of the admission or exclusion of evidence, but not quoting the evidence as required by rule 24 (150 Fed. xxxiii, 79 C. C. A. xxxiii), and unsupported by argument or reasons in the brief, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3010; Dec. Dig. ⬥⟿728(1).]

**2. ASSAULT AND BATTERY ⬥⟿18—CIVIL ACTION—PERSONS LIABLE.**

Where defendants participated in a scheme to terrorize the laborers of a mine into joining the union, and defendants were present when plaintiff, an employé of the mine, was assaulted, defendants are, where they encouraged the assault by words, gestures, or signs, liable as principals, though they did not actually commit it.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. §§ 17, 18; Dec. Dig. ⬥⟿18.]

**3. APPEAL AND ERROR ⬥⟿273(6)—EXCEPTIONS—SUFFICIENCY.**

An exception to a charge, which is general, and fails to specify the particular part claimed to be erroneous, is insufficient, though where the excerpt quoted showed the contention made, and it was raised by motions for an instructed verdict, it will be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1621; Dec. Dig. ⬥⟿273(6); Trial, Cent. Dig. § 256.]

**4. LIMITATION OF ACTIONS ⬥⟿118(2)—RUNNING OF STATUTE—INSTITUTION OF SUIT.**

Where within the year allowed by Kirby's Dig. Ark. § 5065, for commencement of actions for assault and battery, plaintiff filed his first amended petition, on which day summons was issued to the marshal for service on defendant, but was subsequently returned, because no deposit for costs had been made, the action, though because of plaintiff's inability to find security for costs, service of summons was delayed, was commenced within time; the filing of the petition and delivery of the summons for service marking the commencement of an action.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 528; Dec. Dig. ⬥⟿118(2).]

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Action by O. T. Looper against Mike Cisco and others. There was a judgment for plaintiff, and defendants bring error. Affirmed.

John Goolsby, of Hartford, Ark., and George W. Dodd, Holland & Holland, Thomas B. Pryor, and Covington & Grant, all of Ft. Smith, Ark., for plaintiffs in error.

Daniel Hon, of Ft. Smith, Ark. (John P. Woods, of Ft. Smith, Ark., on the brief), for defendant in error.

Before SANBORN, ADAMS, and CARLAND, Circuit Judges.

ADAMS, Circuit Judge. This was an action at law, brought by Looper against Cisco and 17 other named defendants, in which plain-

tiff sought recovery of damages alleged to have been sustained by him by an assault and battery committed on him by the defendants. At the close of all the evidence, the court instructed a verdict for some of the defendants, and submitted the case to the jury as to the others. The trial resulted in a verdict and judgment against Cisco and the others for $1,250. To reverse this judgment they prosecute this writ of error.

The amended complaint, on which the case went to trial, is substantially this: That defendants on the 6th day of April, 1914, while plaintiff was at work in the employ of the Bache-Denman Coal Company, as foreman at one of its coal mines located in Sebastian county, Ark., known as mine No. 4, with other persons unknown to plaintiff, marched in a large body to the mine, fell upon and beat the plaintiff, and compelled him to draw the fire from the furnace under the boilers of the mine, and while he was so doing continued to beat and ill-treat him, so that he was seriously hurt and suffered great bodily pain and injury.

Defendants, in due course, appeared and filed their answer, denying the allegations of the complaint, pleading specially that the suit was not brought within one year after the cause of action accrued, and was therefore barred by the statute of limitations of the state of Arkansas.

At the trial evidence was produced showing that on the 6th day of April, 1914, a body of several hundred men, including the defendants, by prearrangement, assembled at a schoolhouse not far distant from the mine, for the purpose of devising a scheme for unionizing that mine, which before then had been operated by nonunion men; that after some speech-making they proceeded, with band playing, flag flying, and with much noisy demonstration, to the mine; that on arriving there they kept up their noise, and in the midst of much confusion created thereby some person or persons among them ordered plaintiff to draw the fire from the furnace under the boilers, by which the mine was operated, and thus stop its working, and simultaneously fell upon and beat the plaintiff and other employés of the coal company there at work.

The plaintiff was compelled to rely largely upon the testimony of the defendants, and others associated with them, for evidence to sustain his complaint. These witnesses testified with manifest indisposition to make any full, frank, or fair statement, but admitted, in effect, that an assault was made upon the plaintiff, that a large crowd was present at the time of the assault, that they did their work with much shouting, noise, and confusion, and that the defendants were present. But each and every one of them denied any participation in the assault, and testified that they could not identify any one who actually committed it. There was, however, abundant testimony to the effect that the crowd present, which consisted of hundreds of men and women, generally joined in abusing the plaintiff and his coworkers, and in encouragement of the assault made upon them, and there was evidence tending to show a state of facts, including language, conduct, and behavior of the defendants, which, by themselves or by fair

and reasonable inferences deducible from them, tended to show that defendants themselves encouraged and abetted the assault.

During the progress of the trial plaintiff dismissed his suit as against defendants Jim Lee, A. Y. Reed, Will Johnston, George Struth, and Andy Zaccanti, and the case proceeded to final hearing against the defendants Mike Cisco, John Kiger, Tom Kiger, Chas. McCowen, Louis Fioretti, James Slankard, Vergil Stroud, Pete Clements, John Bumpass, W. P. Fitzgerald, W. C. Chambers, Clint Burris, and Joe Overman. At the close of the evidence the court declined to instruct a verdict in favor of any of the remaining defendants, as requested by them, and charged the jury fully as to the law governing the case— amongst other things, as follows:

"There is no direct testimony, I may say there is no testimony at all, tending to show that any one of these defendants struck the plaintiff, or threw any missile at him. You are then to determine whether they were connected in any way with the assault, in conformity with the rules that I now give you.

"A person who is present at the commission of an assault and battery, and encourages and incites by words, gestures, looks, or signs, or by any other means, is 'aiding and abetting' the same, and is liable as a principal. You are then to determine, from all the facts and circumstances in the testimony, whether these defendants, or any of them, encouraged and incited by words, gestures, looks, or signs, or by any other means, the assault upon this plaintiff. The fact that a person is present at the commission of an assault and battery, or within a reasonable distance, so that he knows what is going on, without disapproving or opposing it, is evidence on which, in connection with other circumstances, it is competent for the jury to infer that he aided and abetted the same. * * *

"Mere presence without participation will not suffice, if no act whatever is done in concert, and no confidence intentionally imparted by such presence to the perpetrators. In other words, if these defendants were present through idle curiosity, with no intention that their presence should inspire confidence in those who made the assault upon Looper, then such defendants are not liable in this action. They must have been there with a conscious purpose that their presence would inspire confidence in those who perpetrated the assault. If they were there for that purpose, and you are to take all the facts and circumstances in this case to determine that question, then they are liable in this action."

Defendants assign for error that the court erred (1) in ruling on the admission and exclusion of evidence; (2) in denying their several motions for an instructed verdict in their favor; (3) in giving to the jury the charge above quoted; and (4) in ruling that plaintiff's cause of action was not barred by the statute of limitations.

[1] Counsel for plaintiffs in error have failed to quote the evidence alleged to have been improperly admitted or excluded, as required by our rule 24 (150 Fed. xxxiii, 79 C. C. A. xxxiii), or to present any argument or reasons in support of their first assignment of error concerning admission and rejection of evidence. We therefore refrain from any special consideration of it.

[2] In support of their second assignment, they contend that there was no evidence tending to show that defendants, or either of them, committed the assault upon plaintiff, or aided or abetted any other person in so doing. We have carefully read the evidence of every witness produced, either for plaintiff or defendant, and agree with counsel for defendants that there is no direct evidence to the effect

that either of the defendants actually assaulted the plaintiff. But we find beyond any reasonable doubt that the defendants were with the body of men and women who accompanied the persons who did commit the assault to the mine, and remained with them while the assault was being made. In addition to this, we are advised by the necessary intendment of the verdict of the jury, in the light of the charge of the court, that the defendants themselves "encouraged and incited the assault upon the plaintiff," by whomsoever made.

But counsel say that the finding of the jury in this particular was brought about by an erroneous charge of the court to the effect, as already appears in the part of the charge quoted, that a person present at the commitment of an assault and battery, encouraging its commission by words, gestures, looks, or signs, is an aider and abettor, and liable as a principal. Was this charge erroneous?

We cannot read the record of this case without feeling a deep indignation at the method adopted by those who proposed to unionize the mine in question. No one now doubts the right of any organized or unorganized body of men to seek to persuade in a peaceful and orderly way their fellow men to join their ranks; but violence and lawlessness, as arguments to that end or as means of coercing others, cannot be tolerated. Any persons who resort to violence to accomplish their purposes fall under the condemnation of the law, and cannot escape responsibility therefor by any subterfuge adopted to conceal or mystify their identity. To make the law effectual as against any such practices, it must, in our opinion, be held that any one who consciously participates in the creation of a state of confusion, intended to prevent identification of the wrongdoer, or to safeguard him from detection or screen him from the consequences of his act, is an aider and abettor in the accomplishment of the wrong, and should be held as a principal in its perpetration. Such, we think, is the substance of the charge complained of. A careful reading of it, with its modifications and limitations, shows that it is fully as favorable to the defendants as they were entitled to.

[3] The exception to the charge was general, and failed to properly specify the particular part of it claimed to be erroneous; but in view of the fact that the excerpt quoted presents the question of law involved in the case, and of the further fact that the same question is presented by the motions for an instructed verdict, we have considered the question as if properly raised by the exception to the charge.

[4] Was the action barred by the statute of limitations? By section 5065, Kirby's Digest of the Statutes of Arkansas, it is provided that actions for assault and battery must be commenced within one year after the cause of action accrues. The cause of action in this case accrued April 6, 1914. The first amended petition, which brought in as defendants all the persons now plaintiffs in error here, was filed May 25, 1914, and on that day summons was issued to the marshal for service on them. The summons was received by the marshal prior to June 22, 1914, for on that day he made a return that the summons was not served because no deposit for costs had been made. Afterwards some amendments to the petition were made and

some other proceedings had, from which defendants' counsel argue that the summons was not delivered to the marshal with any intention that it should be served by him. They claim that the law of Arkansas governing this matter is declared by the Supreme Court of that state in the case of Wilkins v. Worthen, 62 Ark. 406, 36 S. W. 22, wherein the court said:

"The statute provides that 'a civil action is commenced by filing in the office of the proper court a complaint and causing a summons to be issued thereon.' * * * But the mere signing and sealing a summons by the clerk is not sufficient. It must be delivered to the sheriff, or to some one for him, and with the intention and purpose of placing it in the hands of the sheriff to be served."

Claiming this to be a correct exposition of the law, which, for the purposes of this case, we may concede, counsel argue that the proof discloses that no bona fide intent or purpose was made by the plaintiff or his counsel to have the summons served on the defendants, and as a result that the action was not commenced when it purports to have been.

After a careful reading of the proof, we are unable to agree with this contention of counsel. We think it clearly appears from several indisputable facts disclosed in the record that, although plaintiff had some difficulty in finding security for costs, he made an honest effort to have his summons served by the marshal within due time, and that it was ultimately so served.

Finding no error in the proceedings below, the judgment is affirmed.