J. R. Watkins Medical Company v. Mosley.

Opinion delivered June 23, 1919.

Foreign corporation—right to sue.—Where a foreign corporation, before bringing suit on a contract previously entered into within the State, duly qualified to do business in the State, as required by Acts 1907, No. 313, it was entitled to sue on such contract, notwithstanding the act provides that "the complying with the provisions of this act after suit is instituted shall in no way validate said contract."

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman*, Judge; reversed and judgment here for appellant.

*W. E. Beloate,* for appellant.

Appellant was entitled to recover after it later complied with the laws of Arkansas requiring foreign corporations to qualify. The contract here is very similar if not identical with that of *Watkins Medical Co.* v. *Hogue,* decided by this court March 24, 1919. The contract created the relation of vendor and vendee and not principal and agent. 126 Ark. 597; 131 *Id.* 15. Defendant guaranteed the payment of the debt and was liable on the third and last contract. 70 Minn. 84; 72 N. W. 829; 68 Am. St. 512. Mosley acknowledged the debt by letter and his admission binds his sureties. 25 N. D. 268; 141 N. W. 479; 2 Brandt on Sur. & Guar. (3 ed.), § 795.

It was prejudicial error to refuse to sustain the demurrer to par. 2 of the answer and in giving instructions 2, 3 and 4 on the theory that a contract entered into by a foreign corporation which had not complied with Act No. 313, Acts 1907, p. 744. 77 Ark. 203; 91 S. W. 306; 113 Am. St. Rep. 139; 77 Ark. 203; 91 S. W. 306; 113 Am. St. 139, following its previous decision in 61 Ark. 1; 54 Am. St. 191; 31 S. W. 157; 29 L. R. A. 712, and afterwards followed in 122 Ark. 451; 132 *Id.* 108; 200 S. W. 283. See also *Hogan* v. *Intertype Corporation,* 136 Ark. 52. The contract was not void and the sale was not unlawful. 132 Ark. 108. Only the right to sue or

recover is prohibited until the foreign corporation qualifies under our act of 1907, *supra;* 236 U. S. 165.

*Towney, Smith & Towney* (of Minnesota), of counsel for appellants, join in the above brief.

*George A. Burr,* for appellees.

1.   This case is not controlled by 122 Ark. 651, as it differs in material facts as do the other cases cited by appellant.   The law of 1899 as amended by act of 1907, provides that any foreign corporation which fails or refuses to comply with the law can not make any contract which can be enforced in this State either in law or equity, and a subsequent compliance with the act after suit shall not validate the contract, etc.   The words of this amended act should be given full force and effect as it was evidently the intention to change the former law.   Every act thus penalized or prohibited is void, and hence the contract here.   47 Ark. 378; 9 Cyc. 479; 54 Ala. 150; 81 Ark. 41; 85 *Id.* 106; 103 *Id.* 288.

2.   The verdict establishes the fact that appellant was doing business in this State through its agent Mosley, during the period covered by the contract; that it is a foreign corporation and had not complied with our laws.   It is prohibited by law and the contract is null and void.   29 Ark. 386; 32 *Id.* 619; 47 *Id.* 378; 77 *Id.* 580; 2 Mechem on Sales, 1044; 1 Page on Cont., § 327.   See also, 6. Humph. (Tenn.) 36; 91 Ark. 69, and cases cited *supra.*

A penalty implies a prohibition and the Wingo Act is a prohibition unless the act is complied with.   103 Ark. 288; 124 *Id.* 539; 115 *Id.* 166.

3.   The amendment of the Wingo Act, act No. 687, invalidates the contract here sued on and renders it unenforceable and the judgment is right and should be affirmed.

4.   The basis of the objections to the introduction of documentary evidence is not clearly defined, but the

court was right in admitting it.   115 Ark. 166; 124 *Id.* 539.

HUMPHREYS, J.   On the 27th day of April, 1917, appellant, a foreign corporation, instituted suit against appellees in the Circuit Court of the Eastern District of Lawrence County, for $548.14, alleging that said sum was a balance due under the terms of a contract entered into by and between appellant, on the one part, and appellee, J. M. Mosley, together with his sureties, on the other part.   The contract in all material parts was identical with the contract made in the case of *J. R. Watkins Medical Co.* v. *Hogue,* 138 Ark. 105, 210 S. W. 628.

Appellee defended upon the ground that the contract sued upon was entered into by appellant, a foreign corporation, for the sale of its medicines, extracts and other articles in the State of Arkansas, through its agent, J. M. Mosley, one of the appellees herein, before qualifying to do business in the State in accordance with Act No. 313, Acts 1907, of the General Assembly of the State of Arkansas.

The cause was submitted to a jury upon the pleadings, evidence and instructions of the court.   By the verdict and judgment, appellees were exempted from liability, and an appeal has been duly prosecuted to this court.

The undisputed evidence disclosed that, on December 1, 1913, appellee, J. M. Mosley, was indebted to appellant in the sum of $588.97 for goods furnished by appellant and sold by appellee; that, on that date, the contract in question was entered into by and between appellant and appellee with his sureties, in which said amount was expressed as due for goods received and sold under a former contract; that appellee agreed to pay, and said sureties guaranteed the payment of said sum, together with all amounts that might accrue on account of shipments of medicines, extracts and articles furnished during the life of the contract; that all goods subsequently furnished by appellant and sold by appel-

lee were paid for, and that $40 was paid on the old indebtedness, leaving a balance due of $548.14; that all goods received and sold under the contract in question were received and sold prior to November 30, 1915; that, on said date, and not before, the appellant qualified as a foreign corporation to do business in the State of Arkansas, under act No. 313, Acts of 1907 of the General Assembly of the State of Arkansas. Over the objection of appellant, much evidence was introduced tending to show that, prior to the contract of date December 1, 1913, appellee, J. M. Mosley, sold the goods and products of appellant in the State of Arkansas for a number of years, as its agent. Under our view of the law, as applied to the undisputed facts above recorded, it is unnecessary to set out that evidence.

The cause was sent to the jury upon the theory that appellant, being a foreign corporation and not having qualified to do business in the State of Arkansas, could not recover for the medicines, extracts and other articles shipped to appellee if they were furnished to him and sold by him as the agent of appellant.

Appellant insists that it was entitled to recover for goods furnished and sold by appellee, even though received and sold by him as its agent.

In construing the statute law prescribing conditions upon which foreign corporations might do business in Arkansas, as it stood before the passage of the act in question, this court held in many cases that the contracts of foreign corporations, made before complying with the conditions imposed by the statute, were not void, but unenforceable until the requirements in the statute were complied with, and that a foreign corporation might comply with the terms of the act after bringing suit to enforce its contracts. *State Mutual Fire Ins. Assn.* v. *Brinkley Stave & Heading Co.,* 61 Ark. 1; *Buffalo Zinc & Copper Co.* v. *Crump,* 70 Ark. 525; *Sutherland-Innes Co., Ltd.* v. *Chaney,* 72 Ark. 327; *Woolfort* v. *Dixie Cotton Oil Co.,* 77 Ark. 203. Contracts made by foreign corporations for the transaction of business in

the State of Arkansas, after the passage of act No. 313, Acts 1907, commonly known as the "Wingo Act," were not rendered nugatory for failure to comply with the requirements of the act, but were rendered unenforceable unless the corporation complied with the provisions of the act before instituting suit on its contract. The act in question was before this court for interpretation in the case of *Waxahachie Medicine Co.* v. *Daly,* 122 Ark. 451. In construing the act, the court said, through Mr. Justice KIRBY, that: "The present statute (Act No. 313, Acts 1907, of the General Assembly of the State of Arkansas), after prescribing a penalty of a fine of not less than $1,000 for failure to comply with its provisions, provides: 'As an additional penalty any foreign corporation which shall fail or refuse to file its articles of incorporation or certificate as aforesaid can not make any contract in this State which can be enforced by it either in law or in equity and the complying with the provisions of this act after suit is instituted shall in no way validate said contract.'

"This provision does not expressly declare the contract void, although it does say it shall be unenforceable either in law or in equity by the delinquent corporation, and that a compliance with it after suit is instituted shall in no way validate the contract. The use of this language as to the validation of the contract was made doubtless because of the court's decision holding in the construction of the other statute that a compliance with the terms of the law by the foreign corporation after suit brought would enable it to prosecute the suit; but if the Legislature had intended that compliance with the terms of this act by a delinquent foreign corporation, after the entry into a contract and before suit brought, on its part, would not enable it to enforce such contract, then there was no use to add anything after the words 'which can be enforced by it either in law or equity.'

"Since the statute does not expressly declare the contracts void, we do not think, in view of the language used, that the lawmakers intended to fix such additional

penalty for the failure to comply with the terms of the statute."

Under this construction of the statute, in force at the time the contract was made and the goods were shipped and sold, it is immaterial whether the contract was one of principal and agency or sale and purchase. The amount due, under the terms of the contract, was undisputed. The trial court should have instructed the verdict for the appellant in the sum of $548.14, with interest at the rate of six per cent. from the 30th day of November, 1915, and it was error not to do so when requested.

The judgment is therefore reversed and judgment will be entered here in favor of appellant against appellees for said sum. It is so ordered.