HALBERT & SON *v.* BAKER.

Opinion delivered March 26, 1928.

1. MECHANICS' LIENS—NECESSITY OF ITEMIZED ACCOUNT.—It is not necessary that one claiming a mechanic's lien should file an itemized account in order to make his lien effectual, and such rule applies where the lien is sought to be enforced by one with a contract direct with the owner and by a subcontractor.

2. MECHANICS' LIENS—VALUE OF MATERIALS FURNISHED.—Where, by an agreement between a contractor and owner, the inside painting and screening of a porch were to be charged as extras, the contractor was entitled to a mechanic's lien for the reasonable value of materials furnished, even though he did not file an itemized account of such items.

Appeal from Baxter Chancery Court; *A. S. Irby,* Chancellor; reversed.

STATEMENT OF FACTS.

B. S. Halbert & Son brought this suit in equity against Leo F. Baker and Ruth Baker, his wife, to foreclose a mechanic's and materialman's lien for the sum of $181.30, the balance alleged to be due them for the erection of a house for the defendants. The defend-

972 Halbert & Son *v.* Baker. [176

ants filed an answer and cross-complaint, in which they denied that they were indebted to the plaintiffs in the sum of $181.30, and, by way of cross-complaint, they sought to recover the sum of $305 damages for the alleged breach of the building contract by the plaintiffs.

The record shows that the plaintiffs entered into a contract with the defendants to erect a house for the sum of $1,500. Subsequently a change in the plans was agreed upon, and the contract price was increased to $1,575. The plaintiffs introduced evidence tending to show that they were entitled to extras in the sum sued for.

The chancellor found that certain items, amounting to $64.30, were due the plaintiffs as extras, in addition to the sum of $25 due them on the contract price. This made a total of $89.30 due the plaintiffs. The chancellor disallowed two items claimed by the plaintiffs, one being for $80 for inside painting and the other for $12 for screening the porch. The chancellor further found that the defendants were entitled to recover on their cross-complaint for certain items which the plaintiffs failed to furnish under their contract, which amounted in the aggregate to $90. Wherefore judgment was entered in favor of the plaintiffs against the defendants for $89.30, and that amount was declared a lien on the real estate described in the complaint, and judgment was rendered in favor of the defendants against the plaintiffs for $90. These amounts were set-off against each other, which resulted in a judgment in favor of the defendants for $21.70. The case is here on appeal.

*H. J. Denton* and *Kent K. Jackson,* for appellant.

Hart, C. J., (after stating the facts). It is insisted by counsel for the plaintiffs that the court erred in refusing to allow the items of $80 for inside painting and $12 for screening the porch. These two items amounted to $92, and should have been allowed by the chancery court. The proof shows that it was not a part of the contract for the erection of the house that the plaintiffs should do the inside painting or should screen

the porch. By agreement between the parties these two items were to be charged as extras. The proof shows that the inside painting together with the materials furnished were reasonably worth $80, and that the materials and labor for screening the porch were worth $12. It is true there was no itemized account of these items, but this court has held that it is not necessary that a claimant file an itemized account in order to make his lien effectual. The rule is the same where the lien is sought to be enforced by one with a contract direct with the owner and by a subcontractor. *Terry* v. *Klein*, 133 Ark. 366, 201 S. W. 801.

In that case it is also held that, where labor and material are placed in the construction of a house as a completed job, the contractor is entitled to a lien, not as for labor, but as for the price of material furnished in the place to be used. To the same effect see *Shaw* v. *Rackensack Apartment Corporation*, 174 Ark. 492, 295 S. W. 966.

In the case at bar the plaintiffs were entitled to a lien in the sum of $80 for the price of the paint for the inside of the house and for $12 for the price of the screen placed on the porch, these items totaling $92.

The result of our views is that the decree must be reversed, and the cause will be remanded with directions to the chancery court to allow the plaintiffs the sum of $92, and a lien for this amount.

The decree will be reversed, and the cause remanded with directions to enter a decree in accordance with this opinion, and for further proceedings according to the principles of equity. It is so ordered.