BRACE v. GAUGER–KORSMO CONST. CO. et al.

FIDELITY BOND & MORTGAGE CO. v. SAME.

Circuit Court of Appeals, Eighth Circuit. December 6, 1929.

Nos. 8582, 8583.

ary 5, 1925, and on April 30, 1925, a notice of mechanic's lien was filed. Appellant William Brace took deed to the property June 6, 1925, which deed was recorded June 8, 1925. The action was commenced June 13, 1925, by the filing of bill of complaint. William Brace was made a party to the suit by amendment filed November 17, 1927, whereupon he entered general appearance and filed answer.

The controlling questions presented on this appeal are:

(1) The construction company, a foreign corporation, not having complied with the Arkansas statute with reference to the transaction of business in Arkansas, was the contract for the construction of the apartment building void?

(2) Had the statute of limitations run as to the defendant William Brace?

(3) Was the lien rendered void by reason of having included therein nonlienable items?

(4) Did the court err in establishing the relative priority of the liens?

It is conceded that at the time the contract for the construction of the apartment house was entered into the construction company was a foreign corporation, and had not complied with the Arkansas statute (Crawford & Moses' Dig. Ark. § 1826) which required, as a condition precedent to the right to transact business in that state, that a foreign corporation file a certified copy of its articles of incorporation with the secretary of state and appoint a resident agent in that state on whom service of process might be had. This statute provides, as penalty for a failure to comply with its provisions, a fine of not less than $1,000. It also provides that: "As an additional penalty, any foreign corporation which shall fail or refuse to file its articles of incorporation or certificate as aforesaid cannot *make any contract in this State* which can be enforced by it either in law or in equity, and the complying with the provisions of this act after the date of any such contract, or after any suit is instituted thereon, shall in no way validate said contract." Crawford & Moses' Dig. Ark. § 1832.

The lower court held that this statute could not be invoked in the instant case because the contract was not made in the state of Arkansas. The correctness of this holding of the trial court is challenged by the appellants, and it is urged that as the contract was one to be performed in the state of Arkansas it was within the inhibition of the statute.

Lowell W. Taylor, of Memphis, Tenn. (James Love Hopkins, of St. Louis, Mo., on the brief), for appellant Brace.

W. G. Riddick, of Little Rock, Ark. (Samuel Frauenthal, of Little Rock, Ark., on the brief), for appellants Fidelity Bond & Mortgage Co. and Riddick, trustee.

A. L. Heiskell, of Memphis, Tenn., and Will G. Akers, of Little Rock, Ark. (Milton J. Anderson, of Memphis, Tenn., on the brief), for appellee Construction Company.

Samuel Frauenthal, of Little Rock, Ark., for appellee Bankers' Trust Company.

John P. Streepey, of Little Rock, Ark., for appellee Shaw.

Before VAN VALKENBURGH and GARDNER, Circuit Judges, and WOODROUGH, District Judge.

GARDNER, Circuit Judge, delivered the opinion of the court. This is an appeal from a decree establishing and determining foreclosure of two mechanic's liens for materials and labor alleged to have been furnished and performed in constructing an apartment house under contract between the owner of record, the Rackensack Apartments Corporation, and Gauger-Korsmo Construction Company, the contractor in one case, and Percy A. Shaw, the contractor in the other case. The cases were consolidated and one decree entered. The Gauger-Korsmo Construction Company, in its suit to foreclose its lien against the Rackensack Apartments Corporation, joined numerous other defendants, including mortgagees.

The contract was entered into, signed by both parties, and delivered in Memphis, Tenn. The structure was completed Febru-

It is noted (1) that the statute does not in its terms declare the contract void, but that it cannot be enforced. If the statute is one affecting procedure its effect must of course be limited to the state courts, as the Legislature of Arkansas could not control by statute the procedure in equity cases in federal court. It is to be observed (2) that the statute purports to provide this as "an additional penalty" so that it is penal in character and should be strictly construed. It is, however, contended by counsel for appellants that the Supreme Court of Arkansas has construed this statute to mean that a contract made in Arkansas by a foreign corporation which has not complied with this statute is void. If so, of course this court will give effect to the statute as construed by that court. There are a number of decisions by the Supreme Court of Arkansas construing similar statutes, holding that such a contract is not void. White River Lbr. Co. v. Southwestern Imp. Ass'n, 55 Ark. 625, 18 S. W. 1055; State Ins. Ass'n v. Brinkley Co., 61 Ark. 5, 31 S. W. 157, 29 L. R. A. 712, 54 Am. St. Rep. 191; Buffalo Zinc & Copper Co. v. Crump, 70 Ark. 535, 69 S. W. 572, 91 Am. St. Rep. 87; Woolfort v. Dixie Cotton Oil Co., 77 Ark. 203, 91 S. W. 306, 307, 113 Am. St. Rep. 139, 7 Ann. Cas. 217; Waxahachie Med. Co. v. Daly, 122 Ark. 455, 183 S. W. 741; Watkins Med. Co. v. Martin, 132 Ark. 108, 200 S. W. 283, 2 A. L. R. 1230; Watkins Med. Co. v. Mosley, 139 Ark. 295, 213 S. W. 385.

The court, in Woolfort v. Dixie Cotton Oil Co., supra, says, quoting from a New Jersey case: "The tendency of judicial decisions on this subject, where the statute does not declare the contract to be void, is to a strict construction, maintaining the validity of the contract and holding that the only effect of such legislation in the state where it is enacted is to impose the prescribed penalties and the expressed disability."

In State Insurance Association v. Brinkley, supra, the court held that the contracts in that case were not void because they were Illinois contracts. In that case the contracts were insurance contracts which were sent to Chicago, Ill., to be signed and accepted by the company.

This court in Ockenfels v. Boyd, 297 F. 614, 616, had occasion to consider an analogous Arkansas statute, and in that opinion by Judge Lewis it is said, inter alia: "Furthermore, if it be assumed that the transaction was the doing of business by the corporation in the State, still its Constitution and statute have no application here; be-cause they must be construed as prohibiting the institution of suits in the State courts of Arkansas, and not to the institution of suits growing out of such prohibited transactions in the Federal courts. Neither the Constitution nor statute declares void or voidable contracts made by a foreign corporation while doing business within the State without having theretofore complied with the requirements of the statute; and the appellee had a right to bring this suit in the Federal court notwithstanding the Arkansas Constitution and statute."

■ Appellants now cite and rely upon Republic Power & Service Co. v. Gus Blass Co., 165 Ark. 163, 263 S. W. 785. It is observed that this case makes no mention of the prior decisions in Arkansas, and does not purport to overrule them, and there was a dissenting opinion. In view of this uncertainty as to the construction of this statute by the Supreme Court of Arkansas, and the apparent conflict of the decisions on this question, it is doubtful whether this question has been finally put to rest by any binding decision of that court, in which event this court is at liberty to follow its own prior decision on the question, or now to give its own construction to the statute as applied to this case.

■ The statute on its face appears to be one affecting procedure and it does not go to the question of the validity of the contract. As a procedural statute it is not, of course, binding on this court. The statute is penal in character, and hence must be strictly construed. It has already been noted that the lower court held that the statute was not applicable because by its terms its inhibition is limited to contracts made in the state of Arkansas. If the court reached the correct conclusion, it is not material whether in reaching that conclusion it assigned correct grounds or reasons, and in our opinion the statute cannot be invoked because it does not make the contract void, and as a procedural statute it has no application to the federal courts, for the reasons stated by this court in Ockenfels v. Boyd, supra.

Counsel for appellants assert that the ruling of the lower court to the effect that the instant case is not within the statute is contrary to the decisions of the national courts, citing Diamond Glue Co. v. U. S. Glue Co., 187 U. S. 611, 23 S. Ct. 206, 47 L. Ed. 328; Chattanooga N. B. & L. Assn. v. Denson, 189 U. S. 408, 23 S. Ct. 630, 47 L. Ed. 870; Thomas v. Birmingham, etc., Co. (D. C.) 195 F. 340; Bothwell v. Buckbee, Mears Co., 275

U. S. 274, 48 S. Ct. 124, 72 L. Ed. 277. But the statutes considered by the federal courts in these cases were materially different from the Arkansas statute. The Wisconsin statute does not refer to contracts made within the state. The Wisconsin statute considered in Diamond Glue Co. v. U. S. Glue Co. provides that every contract made by such corporation affecting the personal liability thereof, or relating to property within the state before compliance with the section, shall be wholly void on its behalf. It is clear that the words "within the state" refer to property and not to contracts. The wording of the inhibition is not as to the making of contracts, but it refers to the liability of the corporation and property within the state.

In Chattanooga N. B. & L. Ass'n v. Denson, the contract was in fact signed in the state of Alabama, and the Alabama statute was much broader than the Arkansas act under consideration. It provides: "It is unlawful for any foreign corporation to engage in or transact any business in this state before filing the written instrument provided for in the two preceding sections; * * * It is unlawful for any person to act as agent or transact any business, directly or indirectly, in this state, for or on behalf of any foreign corporation which has not designated a known place of business, etc." Code Ala. 1896, §§ 1318, 1319. Even the solicitation of the contract in Alabama was unlawful and in violation of this act.

The case of Thomas v. Birmingham was a decision by the District Court of Alabama and followed the decision of the Chattanooga N. B. & L. Ass'n v. Denson Case. The case of Bothwell v. Buckbee, Mears Co., also cited, considered the Minnesota statute which provides in effect that a foreign insurance company shall not do business within the state unless it secures a license so to do; and that to this end it must file a copy of its charter and by-laws, etc., and also specifically declares that it shall be unlawful for any person, firm or corporation to solicit, or make, or aid in the soliciting or making of any contract of insurance not authorized by the laws of the state. The court held that the writing of insurance in Minnesota was doing business in the state and that the contract was unenforceable.

These cases are all readily distinguished, and are not based upon a statute which limits its effect to contracts made in the state, and the statutes considered declared the contract void, and we have already held

that under the Arkansas statute the contract is not void but unenforceable in the state courts. We are therefore of the view that the court was correct in strictly limiting this penal statute to contracts made in the state of Arkansas. As said by the Supreme Court in Scudder v. Union Natl. Bank, 91 U. S. 406, 412, 23 L. Ed. 245: "Matters bearing upon the execution, the interpretation, and the validity of a contract are determined by the law of the place where the contract is made. Matters connected with its performance are regulated by the law prevailing at the place of performance. Matters respecting the remedy, such as the bringing of suits, admissibility of evidence, statutes of limitation, depend upon the law of the place where the suit is brought." In Minor's Conflict of Laws, § 158, the rule is stated as follows: "If the alleged invalidity of a contract turns upon the question of whether the law prohibits the contract to be entered into, it is manifest that the situs of this element of the contract is the situs of the making."

The ruling of the court finds support in State, etc., Insurance Ass'n v. Brinkley, 61 Ark. 5, 31 S. W. 157, 158, 29 L. R. A. 712, 54 Am. St. Rep. 191, where the court says: "Though the appellant company failed to comply with the statute by not doing those things required of foreign corporations before doing business in this state, the contracts in this case were not void on that account, as they are Illinois contracts." The contracts considered in the Brinkley Case were insurance contracts which were sent to Chicago, Ill., to be signed and accepted by the company.

We shall next consider the contention that the statute of limitations is a bar to this suit as to the defendant William Brace. The Arkansas statute provides that suits to foreclose mechanic's liens shall be commenced within 15 months after the filing of the lien. It is conceded that William Brace was not made a party to this suit until the expiration of 15 months after the filing of the lien. Suit to foreclose the lien, however, was brought within the time limited, and it is conceded that Brace was not a necessary party. His deed was taken with actual, as well as constructive, knowledge of the existence of the lien. He entered his voluntary appearance without the issuance of amended subpoena or other process in this suit theretofore commenced and then pending. The foreclosure of this lien might have been effectively had without making him a party because the owner with whom the contract was made, and who owned the property at

the time the lien attached, was, within the meaning of the statute, the owner of the property. By section 15 of the Mechanic's Lien Act (Acts Ark. 1895, No. 146, p. 217, as amended by Acts Ark. 1899, No. 182, p. 322), it is provided that suit shall be commenced to perfect the lien "as hereinbefore described," and there is nothing contained in the first 15 sections of the act about "other persons interested in the controversy and in the property" as to which the limitation period of fifteen months can be applied. The reference to "other persons" appears in section 19 of the act (Acts Ark. 1895, No. 146, p. 225), and that section provides that "all other persons interested in the controversy, and in the property charged with the lien, may be made parties, but such as are not made parties shall not be bound by any such proceedings."

It is our view that the suit was commenced within the meaning of this statute of limitations when the suit was properly begun naming all necessary parties defendants, and that Brace when he took his deed took the property subject to the lien. In other words, that the commencement of an action of this character against all necessary parties stops the running of the statute as to all parties. The only purpose of joining Brace as a party was to bar his right of redemption. Had he not been made a party the lien might have been effectively foreclosed. It would then have been only necessary that the purchaser at the foreclosure sale bring suit to quiet title as against Brace. Such an action would not be barred by this 15 months' statute of limitations. By joining him as a party the decree, in effect, quiets title as to him. Brown v. Buck, 54 Ark. 453, 16 S. W. 195; White v. Chaffin, 32 Ark. 59; Owen v. Continental Supply Co., 175 Ark. 741, 300 S. W. 398; Carswell v. Patzowski, 4 Pennewill (Del.) 403, 55 A. 343, 1013; McLundie v. Mount, 145 Mo. App. 660, 123 S. W. 966; Oglethorpe Savings & Trust Co. v. Morgan, 149 La. 787, 102 S. E. 528; Cisco v. Looper (C. C. A.) 236 F. 336; Prather v. Detroit, 152 Mich. 582, 116 N. W. 376, 377; Casserly v. Waite, Circuit Judge, 124 Mich. 157, 82 N. W. 841, 843, 83 Am. St. Rep. 320; Cornell v. Connie Eaton Co., 9 Colo. App. 225, 47 P. 912; Crouch v. Dak. W. & N. R. Co., 18 S. D. 540, 101 N. W. 722, 726.

The Supreme Court of Michigan, in Casserly v. Waite, Circuit Judge, supra, says: "We think, under this statute, the fact that the principal contractor was not made a party to the bill until after the year had expired cannot affect the rights of complainant. The

proceedings must be begun within one year, and such proceedings are begun when the bill is filed. Additional necessary parties may be brought in thereafter."

In Crouch v. Dak. W. & N. R. R. Co., supra, the action was instituted to confirm plaintiff's title to certain railroad property and to determine adverse claims thereto. Plaintiff's title was based upon the foreclosure of certain liens. In the original suit holders of other outstanding liens had not been made parties, and the court held that they were not entitled to another sale of the property but were only entitled to a decree allowing them a reasonable time in which to redeem. The trial court entered a decree of strict foreclosure. On appeal in speaking of the lienholders who had not been made parties to the original suit, the court said: "Such persons have a mere lien upon, or an equity in, the land, which is subordinate to the right of the owner of the legal title. A statutory foreclosure in such a case would be manifestly inappropriate. The owner of the legal title may with propriety maintain a proceeding in the nature of a strict foreclosure to bar the interests of persons who have a mere lien upon, or right of redemption in, the land. Bresnahan v. Bresnahan, 46 Wis. 385, 1 N. W. 39. Viewed in any light, appellants, Muhlke and Coad, are in no better position than was the junior lien holder in the American Banking & Trust Co. v. Lynch, supra [10 S. D. 410, 73 N. W. 908]. When the present action was begun, the plaintiffs owned the property, subject only to such appellants' unforeclosed right of redemption. Had the latter instituted an action for the purpose of redeeming, as did the American Banking & Trust Company, they could have been given no greater relief than a reasonable opportunity to pay off the amount of plaintiffs' prior incumbrance; and this was given them by the judgment from which the present appeal was taken."

In the instant case title was acquired by Brace with full knowledge of these mechanics' liens, and he took subject thereto, and, as before suggested, had the present suit proceeded to judgment without his being made a party his only right would have been his unforeclosed right to redeem. He is not in position to plead the statute of limitations.

There are other reasons why Brace cannot avail himself of the plea of the statute of limitations. During all the negotiations for the financing of the contractor, Brace was a stockholder in, a director and the secretary of, and the attorney for, the Fidelity Bond

& Mortgage Company holding the mortgage on this property. He represented in these various capacities that company and he was representing that company with reference to this very property at the time he took title. It is clear that he holds only the bare legal title as trustee for the Fidelity Bond & Mortgage Company. That company, under the terms of its mortgage, after default, had the right to enter into possession and take charge of the property and collect the rents and profits arising therefrom, and for that very purpose Brace came to Little Rock, Ark., where the property is situated, and growing out of these negotiations for taking over the property he took this deed, which in form transferred to him the naked legal title. The consideration was paid by his principal, and all the circumstances clearly indicate that the naked legal title was taken in Brace as trustee for his principal. Doubtless as a lawyer he would hesitate to advise his client to take the title in itself as this might give rise to complications, particularly the question as to whether or not by accepting such a conveyance the mortgage which was held by the Fidelity Bond & Mortgage Company would not be merged in the fee title, and by operation of law become satisfied. Such title as Brace has being in fact owned by his principal, he is not in position to raise the question of the statute of limitations.

We shall consider the contention that the lien was rendered void by reason of having included therein nonlienable items. Much has been said in briefs of counsel on this question, some of it based upon a misapprehension. Referring to this contention, the Supreme Court of Arkansas in a case involving this same structure, in the case of Shaw v. Rackensack Apartment Corp., 174 Ark. 492, 295 S. W. 966, 968, says: " 'Profits and commissions are not lienable items unless included in the contract price as where the contract provides for the payment of cost of or reimbursement for the amount actually paid out for labor and material, plus a certain percentage as commissions, profit or compensations, or unless included in the reasonable worth of the labor or materials furnished as where the actual cost is less than the reasonable worth.' * * * Here what appellee calls profits or overhead expenses formed a part of the price of putting in the improvement as a completed job, and the appellant was entitled to a lien for the amount due him."

The Supreme Court of Arkansas, in Halbert v. Baker, 176 Ark. 971, 4 S.W.(2d) 1, 2, says: "Where labor and material are placed in the construction of a house as a completed job, the contractor is entitled to a lien, not as for labor, but as for the price of material furnished in the place to be used."

There is also discussion with reference to certain other alleged nonlienable items, but the contractor had a right to apply payments upon such nonlienable items and when so applied in the instant case, these items have been paid.

In this connection it may be observed that the lien sought here by the Gauger-Korsmo Construction Company is not a lien for labor or profit, but is a lien for the actual cost of the material and the expense of placing that material in the building. In other words, the plaintiff is asking for a lien as to the price of material in place. This is the same matter passed upon by the Arkansas court in Shaw v. Rackensack Apartment Corp., supra.

The Fidelity Company claims that the lower court improperly adjudged $18,000 of plaintiff's lien to be prior to that extent to its bonds. The finding of the court on conflicting evidence will not ordinarily be disturbed by this court on appeal, and we have carefully examined the evidence and are satisfied that the finding of the lower court as to the facts upon which the court based its decree adjudging plaintiff's lien prior to the extent of $18,000 to a like amount in the principal of bonds and interest coupons held by the Fidelity Bond & Mortgage Company under its first deed of trust was warranted. The decree is equitable, and no good purpose would be served by a further detail of the facts upon which the same is based.

We have considered all the specifications that have been urged, and on the entire case we are impressed with the thought that the court in entering its decree in this cause has done equity to the parties as nearly as can be meted out. The decision of the lower court will be and is affirmed.

VAN VALKENBURGH, Circuit Judge, concurs in the result.