Opinion delivered June 14, 1902.

SIGNATURE—MARK.—The mark of a person who cannot write is not *prima facie* a signature unless the person who writes the name adds his own as a witness thereto.

Appeal from Woodruff Circuit Court.

HANCE N. HUTTON, Judge.

Reversed.

*Carl Lee & Summers,* for appellants.

The remonstrance was improper, and should not have been considered. 51 Ark. 165. There was no proof to show the allegations of same were true. 38 Ark. 190; 40 Ark. 237; 45 Ark. 386; 38 Ark. 282. The signatures to the remonstrance were not proper, and should not have been considered. 38 Ark. 278; 49 Ark. 18; 51 Ark. 48.

*P. R. Andrews* and *H. F. Rolleson,* for appellees.

The bill of exceptions is incomplete. 40 Ark. 49, 60; 57 Ark. 459; 69 Ga. 767; 4 Ill. 259; 72 Ind. 44; 27 Miss. 379; 17 Ohio St. 498; 3 Allen, 337. All the evidence is required; to state the substance is not sufficient. 30 Ohio St. 104; 48 Mo. 376; 49 Fed. Rep. 347; 2 Ohio St. 605; 22 Vt. 430; 19 Kan. 335; 49 Cal. 210; 7 Ill. 725; 16 Ia. 62; 22 Mich. 368; 3 Sm. & M. 614; 98 Mo. 271; 23 Ohio St. 578; 27 Wis. 465; 4 Wall. 187; 19 Ohio St. 446; 1 Ohio St. 389; 67 Ala. 177. Documents used in evidence must be fully set out in the bill of exceptions. 10 Ark. 484; 25 Ark. 503; 45 Ark. 485; 40 Ark. 168; 28 Ark. 1.

BUNN, C. J. On the 31st day of December, 1901, G. B. Fakes *et al.* filed their petition under the statute, in the Woodruff county court, containing 609 names, praying an order prohibiting the sale or giving away of intoxicating liquors within three miles of the Methodist church situated in block 10 in the town of McCrory.

On January 1, 1902, it being an adjourned day of the October term, 1901, of said court, W. E. Wilder, S. B. Kyle and H. J. Cariker filed their application for license to keep a dramshop and

sell liquor therein in the town of McCrory for the ensuing year, and at the same time filed their protest against the order asked by Fakes *et al.,* prohibiting the sale of liquors in said territory. At the same time remonstrants filed a petition containing 171 names, asking that their names be taken from the prohibition petition, assigning as a reason for the change "that we signed a petition recently circulated in said territory, and now filed in the Woodruff county court, asking an order prohibiting the sale of intoxicating liquor in said territory. Petitioners state that such signatures were made or authorized without due consideration and under a misapprehension of the facts and results, and that they do not now ask such an order. Therefore petitioners pray that their names be not considered on said petition, and that the court strike the undersigned names therefrom."

This is hardly a satisfactory reason for permission to withdraw names from a petition of the kind, nor is it clear that it is within the meaning of the ruling of this court in *McCullough* v. *Blackwell,* 51 Ark. 159, which makes it necessary to give good reasons for such a change after a petition has been filed and become a part of the record of the proceeding of the county court.

But, granting, for the sake of argument, that the reason is sufficient, then the decision of the case becomes more or less a mere matter of mathematical calculation. It is shown that there were 868 adult inhabitants in the territory, and, in order that the prohibition order should be made, there should have been 435 *bona fide* petitioners' names signed thereto. It is shown in evidence that 39 of the names of petitioners for prohibition were not adult residents of the territory; and, these being deducted from the 609 names appearing upon the petition, there remain 570 names on the same who were qualified to sign the same. Of these those who signed by making their marks had their signatures thus made duly attested, as appears on the petition and in evidence. Of the 570 names on the prohibition petition remonstrants (the appellees here) contend that 171 persons represented by these names had asked the county court to erase their names from said petition for reasons stated above. This was accordingly done, and this reduced the number of petitioners below the requisite number, and so the county court decided against the prohibition petitioners, and the circuit court on appeal affirmed the decision of the county court.

The petition of remonstrants who desired the withdrawal of their names from the prohibition petition shows that 49 of their signatures were made by mark, and does not show that the signatures thus made in any instance were attested by the person writing the names or by anyone else. Under the rule laid down by this court in *Watson* v. *Billings,* 38 Ark. 278, and also in *Ex parte Miller,* 49 Ark. 18, these signatures were not evidence of a signing of the names by the persons represented by them, and made not even a *prima facie* case of genuineness. The 49 names, therefore, should be taken from the 171 names of those recanting, and this leaves 122, which taken from 570 leaves 448, which is 13 more than the requisite majority.

The judgment of the circuit court is therefore reversed, and the cause is remanded, with directions to make all orders necessary in conformity to this opinion, and not otherwise.