FAKES *v.* STANLEY.

Opinion delivered October 18, 1902.

MANDAMUS—ORIGINAL JURISDICTION OF SUPREME COURT.—A case for the issuance of a mandamus from the supreme court to the county court in the first instance does not arise where the supreme court has reversed a judgment of the circuit court affirming a judgment of the county court refusing to prohibit the sale of liquor within a certain three-mile territory, and subsequently the circuit court restrained the county judge from enforcing the judgment of the supreme court upon a complaint alleging fraud in the petition for prohibition.

Original petition for mandamus.

Denied.

*Carl Lee & Summers,* for petitioners.

This court has authority to enforce its orders by mandamus. 12 Ark. 88; 25 Ark. 527; 12 Ark. 101; 19 Ark. 410; 10 Ark. 292; 29 Ark. 188; 35 Ark. 301; 26 Ark. 452; 20 Ark. 503. The action of the chancellor in dissolving the temporary injunction was proper. Sand. & H. Dig., § 3782. The order of the supreme court cannot be restrained by the circuit or chancery courts. 13 Ark. 113; 14 Ark. 304; 22 Ark. 176; 29 Ark. 188. No excuse is given why fraud was not made a defense in the former action. 35 Ark. 108; 40 Ark. 338; 43 Ark. 107; 33 Ark. 169; 57 Ark. 500; 57 Ark. 599.

*P. R. Andrews* and *H. F. Roleson,* for respondent.

This court has no authority to issue the writ. 12 Ark. 87; 12 Ark. 101; 25 Ark. 528. The circuit court had jurisdiction. Sand. & H. Dig., §§ 4197-4202. Chancellor had no authority to dissolve temporary injunction. 40 Ark. 507; 10 Enc. Pl. & Pr. 1032; 16 Am. & Eng. Enc. Law, 423; 104 Fed. 582.

HUGHES, J. This is an application for mandamus to the county judge of Woodruff county, commanding him to enter in

his record as county judge the judgment of the supreme court rendered in the case of *Fakes* v. *Wilder,* 70 Ark. 449. Since the mandate to the circuit court of Woodruff county in said cause, the circuit court of Woodruff county has issued a restraining order to the county judge of Woodruff county, restraining him from entering said order. Said restraining order was granted upon complaint filed in the Woodruff county circuit court, charging that fraud was committed in the matter of the petition for an order of prohibition in the sale of whisky within three miles of a church in that county between the time said petition for prohibition was heard in the county court and the hearing thereof in the circuit court, in that some eighty-three names were added to said petition for an order of prohibition. It has not been the practice in this court to issue mandamus to a court inferior to the circuit court, in the first instance, unless under peculiar circumstances, which do not exist in this case.

The prayer of the petition is denied.