WAXAHACHIE MEDICINE COMPANY *v*. DALY.

Opinion delivered February 28, 1916.

FOREIGN CORPORATIONS—NON-COMPLIANCE WITH STATE LAWS—VALIDITY OF
CONTRACTS.—A contract made by a foreign corporation before com-
plying with the laws of this State, is not made void by Act 313,
page 744, Acts of 1907, and when the laws are complied with before
suit is brought, such contracts are enforcible.

Appeal from Nevada Circuit Court; *Geo. R. Haynie,*
Judge; reversed.

STATEMENT BY THE COURT.

Appellant Medicine Company, a foreign corporation,
of the State of Texas, made a contract August 16, 1912,
with appellee and his sureties, for the sale of certain
medicines to be supplied by it at a certain price delivered
to appellee Daly, to be sold by him in Nevada County, and
the proceeds accounted for according to the stipulations
contained in the contract. Under this contract it deliver-
ed to Daly, medicines to the amount of $428.38. It had
not complied with the requirements of our State laws for
admission of foreign corporations to do business, at the
time of the execution of said contract, but did comply
therewith on the 9th day of August, 1913, and was issued
a permit to do business in the State, and on the 15th day
of August, 1913, it made another contract in the terms of
the first with Daly, with the same sureties, for the sale
of its medicines in Nevada County, to December 31, 1913.

Before the making of the second contract, appellee
had only paid $90.50 on the goods delivered to him under
the first contract, but had sold a large amount of said
goods and the appellant credited him with the amount of
money sent in on its charge for goods under the first con-
tract in the sum of $277.48, which left a balance it claimed
of $157.90, due under said contract.

It alleged that it sold him under the second con-
tract $439.27 worth of goods and was only paid of said
amount $20.07, leaving a balance due on both contracts
of $570.10, the amount sued for.

A copy of the contract was exhibited with the complaint.

Appellee Daly admitted the execution of both contracts; denied that the amount of goods alleged to be, had been delivered to him and that appellant had not been paid more than the amount with which he was credited. Alleged that the goods had been shipped to and received by him under the contract as the agent of the medicine company and distributed among its customers by him in accordance with said company's instructions at the price fixed by it and that at the time the first contract was entered into the plaintiff was a foreign corporation, without right to do business in this State, not having complied with the requirements of its laws for entry for that purpose and was not entitled to enforce the contract.

He denied that the amount of goods charged for had been delivered to him on the second contract and that he had paid only $20.07 thereon. Alleged that at the termination of the contract he had on hand $57.41 worth of medicine, which he was entitled to return and receive credit for and which he offered to return, but plaintiff refused to receive same, that he had on hand outstanding and uncollectible, accounts to the amount of $671.15 which he returned to plaintiff at the termination of the contract and upon which he was entitled to a credit under the terms of the contract of 25 cents on the dollar.

He alleged that all credits made on the first contract should be credited upon his account on the second contract, the first being void.

The sureties on his bond filed separate answers, alleging that appellee Daly had failed to comply with his part of the contract with the medicine company, in the way of making reports and payments and that it agreed with said Daly at the begining of the contract that it should not be complied with; conspired with him and agreed to the violation thereof, all of which was unknown to them and of which they had no knowledge until after the suit was instituted and alleged that the loss, if any,

sustained by the plaintiff was due to its own negligence and connivance with the appellee to defraud the defendants.

It appears from the testimony that the medicine company shipped to appellee Daly $428.38 worth of goods under the first contract, upon which he only paid $90.50 to the time of executing the second contract on April 15, 1913. That under the second contract it delivered goods to Daly to the amount of $439.27, and was paid on the account only $96.46. Daly rendered a statement at the expiration of the last contract Jan. 1, 1914, showing medicine on hand of the value of $156.10, and it rendered him a statement claiming a balance due of $570.10, which its secretary testified was correct; and that the bondsmen were liable for the full sum less $76.88.

Daly admitted that all the goods charged to him by said company had been received except one consignment of $48.50. He also stated that he had on hand at the end of the term of the contract of uncollectible accounts $671.15, and medicine of the value of $57.41. Said he had received goods under the first contract amounting to $428.38 and under the second of the value of $346.75; that he had paid the company under the first contract, and $122.41 under the second, and claimed he was entitled to a credit of twenty five cents on the dollar on the amount of uncollectible accounts, $167.78.

The court instructed the jury, giving among others, over appellant's objection, instruction numbered one, as follows:

"If the jury find from the evidence in this case that the first contract, which was entered into on the 16th day of August, 1912, was substituted and taken up by the plaintiff by the execution of the second contract, and that it was not considered by the parties hereto of any more force and effect, then the plaintiff can not recover under the first contract, because it had no authority under the laws of Arkansas to do business in this State."

The jury returned a verdict in favor of the defendants and from the judgment thereon this appeal is prosecuted.

*U. A. Gentry* and *McMillan & McMillan,* for appellant.

1.   The court erred in refusing to direct a verdict for the plaintiff.   When the facts are undisputed, and when different minds cannot draw different conclusions therefrom, it becomes the courts duty to direct a verdict. 57 Ark. 461; 97 *Id.* 442; 104 *Id.* 267.   Appellee is not entitled to the credits claimed for medicine on hand and uncollectible accounts under the contract and evidence. It is certainly undisputed that Daly still owed $335.03, it is shown by his own testimony.

2.   The first contract was not void but enforceable. 61 Ark. 1; 70 *Id.* 525; 72 *Id.* 327; 77 *Id.* 203; 25 Am. St. 925; Beale on For. Corp. § 213.   A foreign corporation can comply with the law even after suit is brought. 77 Ark. 203; (Fed.) 7 Ann. Cas. 222.

3.   Penal statutes are strictly construed.   79 Ark. 517; 66 *Id.* 472; 64 *Id.* 284; 59 *Id.* 355; 56 *Id.* 45 and 224.

4.   A penalty does not change the rule.   61 Ark. 1. The court's instruction on its own motion is misleading.

No brief filed for appellee.

KIRBY, J. (after stating the facts.) It is contended that the court erred in giving said instruction numbered one because there was no testimony upon which to base it so far as the substitution of the second contract for the first is concerned, nor any showing that the parties regarded it of no further force and effect and that it was in effect a direction to the jury to find against appellant because it had not complied with the requirements of the laws of the State for foreign corporations entering to do business before its execution.

It is undisputed that the medicine company in April, 1913, complied with our laws and was issued a certificate authorizing it to do business in the State and also that the appellee continued selling medicines supplied

to him under the first contract until the second was entered into, the 15th day of April, 1913.

Our court has held that the failure of a foreign corporation to comply with the requirements of the statutes prescribing conditions upon which foreign corporations may enter and do business within the State did not render its contracts void, but only prevented the enforcement of same by such corporation until compliance with the terms of the statute. *State Mutual Fire Ins. Assn.* v. *Brinkley Stave Co.,* 61 Ark. 1; *Buffalo Zinc etc. Co.* v. *Crump,* 70 Ark. 525; *Sutherland-Innes Co.* v. *Chaney,* 72 Ark. 327; *Woolfort* v. *Dixie Cotton Oil Co.,* 77 Ark. 203.

In *Buffalo Zinc etc. Co.* v. *Crump, supra,* the court said. "The penalties of the Act in question are, doubtless, intended to compel an observance of its terms. When that is done, its purpose is accomplished; the condition upon which the right to maintain an action depends is performed, and the plaintiff can in the future prosecute it to final judgment."

In *Woolfort* v. *Dixie Cotton Oil Co., supra,* the court held that the foreign corporation could comply with the law after institution of suit upon a contract made before compliance therewith, and in answer to the contention that the statute rendered the contract absolutely void and unenforceable said: "The statute does plainly prohibit the maintenance of a suit until its terms are complied with, and in the absence of a provision expressly declaring the contract to be void, we do not feel at liberty to say that the Legislature intended to fix the latter penalty. If it had been intended to declare the contract absolutely void and of no effect, the further provision that no suit should be maintained thereon, was superfluous."

It is true the terms of the statute now in force are different from those construed in said opinions. The present statute* after prescribing a penalty of a fine of not less than $1,000 for failure to comply with its provisions provides: "As an additional penalty any foreign corporation which shall fail or refuse to file

*Note—Act 313, page 744, Acts 1907.—(Rep.)

its articles of corporation or certificate as aforesaid, can not make any contract in this State which can be enforced by it either in law or in equity and the complying with the provisions of this act after suit is instituted shall in no way validate said contract.''

This provision does not expressly declare the contract void although it does say it shall be unenforceable either in law or in equity by the delinquent corporation, and that a compliance with it after suit is instituted shall in no way validate the contract. The use of this language as to the validation of the contract was made doubtless because of the court's decision holding in the construction of the other statute that a compliance with the terms of the law by the foreign corporation after suit brought would enable it to prosecute the suit, but if the Legislature had intended that compliance with the terms of this act by a delinquent foreign corporation, after the entry into a contract and before suit brought, on its part, would not enable it to enforce such contract, then there was no use to add anything after the words ''which can be enforced by it either in law or equity.''

Since the statute does not expressly declare the contracts void, we do not think in view of the language used that the lawmakers intended to fix such additional penalty for the failure to comply with the terms of the statute.

Appellee does not contend that the contracts were not fairly entered into upon his part nor faithfully performed on the part of the medicine company and admits that he

Received goods to the amount of............... $775.13
Paid under the first contract............$ 92.50
Paid under the second contract..........122.41
Should be credited with medicine on hand
   in the sum of .................... 57.41
And with 25 per cent of $671.15 of uncol-
   lectible accounts .................. 167.78
Which makes total of credits claimed of..     440.10

And leaves an undisputed balance due of    $335.03''

The court erred in the giving of said instruction, and the verdict of the jury was contrary to the testimony. The court also erred in refusing appellant's requested instruction for a verdict directed in its favor and the judgment is reversed, and the testimony being undisputed as to said amount due under the terms of the contracts, a judgment will be entered here in appellant's favor for said sum, except that Kennedy, surety, is not liable for any amount under the first contract, not having signed same as surety.

It is so ordered.