HIGHTOWER *v.* HIGHTOWER.

Opinion delivered March 12, 1917.

WILLS—SIGNATURE BY MARK—PROOF.—Where a testator signed a will by his mark, and the party who signed his name failed to attest the signature by writing his own name as witness, an affidavit by the witness that he wrote deceased's name for him and witnessed the making of his mark by the deceased, is inadmissible, and there then being no proof of deceased's signature the will is not entitled to probate.

Appeal from Fulton Circuit Court; *J. B. Baker,* Judge; affirmed.

*Ellis & Jones,* for appellant.

1. The court erred in directing a verdict for appellees. The will was not void because the names of all the heirs were not mentioned therein. Kirby's Digest, § 8020; 23 Ark. 569; 31 *Id.* 145; 87 *Id.* 206; 92 *Id.* 88; 94 *Id.* 39.

2. The will was signed as required by law. Kirby's Digest, § 7799. It was duly signed by mark and in the presence of witnesses. 40 Cyc. 1104; 19 Mo. 609; 5 Johns. (N. Y.); *Jackson* v. *Van Dusen;* 17 Ark. 292; 51 *Id.* 48; 14 *Id.* 675; 23 *Id.* 396. Price's testimony shows that he wrote the testator's name and saw him sign by mark. 38 Ark. 279; 49 *Id.* 18; 14 *Id.* 675; 23 *Id.* 396. It was not necessary to have the attesting name signed, where the proof shows the signature was in fact made, but the attesting witness failed to sign as a witness.

Price's affidavit was legal evidence. 51 N. E. 1046. It was never denied that Price witnessed the testator's signature by mark and there was no issue as to how Hightower signed his name.

*Lehman Kay,* for appellees.

1. The court properly directed a verdict. The will was signed by mark and there was no attesting witness to the signature as prescribed by statute. Price's affidavit was not admissible as evidence. No will was proven. Kirby's Digest, § § 3150, 8012, 8020; 14 Enc. Ev. 758, and notes, 757; 5 Ark. 708; 21 *Id.* 352; 2 *Id.* 319; 5 *Id.* 485; 70 *Id.* 449; 42 *Id.* 357.

The signature was not proved. 49 Ark. 18; 91 *Id.* 274; 36 Cyc. 455; 2 *Id.* 34, and notes; 40 *Id.* 1304. In the absence of a statute, or rule of court, affidavits are not evidence. 2 Corp. Jur. 373; 89 Ark. 487; 13 *Id.* 476.

2. The names of all the heirs are not named. J. H. Hightower was dead when the will was executed. He was a son and his heirs were living. 94 Ark. 43.

3. The court acted within its discretion when it directed a verdict. There was no evidence to sustain the will. 126 Ark. 208; 97 *Id.* 447; 71 *Id.* 447; 43 *Id.* 301.

HUMPHREYS, J. The appellees, except G. M. Caruthers, as administrator of the estate of S. W. Hightower, deceased, brought a suit on August 21, 1916, against appellants in the probate court of Fulton County, contesting the will of S. W. Hightower, deceased. The will was signed by mark on November 25, 1912. No one signed the will as a witness to the signature by mark. The names of O. N. Halcomb and F. L. Lefevers were signed as subscribing witnesses to the will. The will was filed for probate on the 14th day of August, 1916.

On August 21, 1916, the same day appellees filed the contest, J. R. Price appeared and filed his affidavit in substance swearing that he signed S. W. Hightower's name to the will at his request, and that Hightower made his mark in the presence of the subscribing witnesses and himself, and in their presence declared the instrument

present in court to be his last will and testament.    The contest proceeded to a hearing on the pleadings and it was adjudged by the probate court that the will was not entitled to probate.    An appeal was taken to the circuit court.

On the 7th day of July, 1916, G. M. Caruthers took out letters of administration on the estate of S. W. Hightower, deceased, and on July 15, 1916, brought suit against Allie Hightower in the Fulton County Circuit Court to recover the personal property belonging to said estate.    On the 28th day of August, 1916, Allie Hightower answered, claiming that she and her two children, Claude and Madeline Hightower, owned all of said property under the terms of the will then in course of probation.

The case appealed from the probate court was consolidated with the suit brought by the administrator and the cause was heard on the pleadings, the affidavit of J. B. Price, introduced over the objection of contestants, and on an agreement in substance as follows: That J. H. Hightower was dead when the will was executed, and that the names of his three children, William Hightower, Maude A. Mitchell and Martha McCollum were omitted from the will and were grandchildren and heirs of S. W. Hightower, deceased; that J. H. Hightower was the son of S. W. Hightower, deceased; that S. W. Hightower's name was subscribed to the will in the following form:

His

S. W. Hightower        X

Mark

that nothing appeared on the face of the will to show who signed S. W. Hightower's name thereto.

The court instructed the jury as follows: "Gentlemen of the Jury: I instruct you to return a verdict for the contestants herein, for the reason that the will is not signed as required by law, and for the further reason, that under the evidence in the case, the names of all the heirs of S. W. Hightower are not mentioned in his will."

In the will contest case proper, appealed from the probate court, the jury rendered the following verdict:

"We, the jury, find for the plaintiffs, and that the will of S. W. Hightower is void. J. N. Hunt, Foreman."

In the case of G. M. Caruthers, administrator of the estate of S. W. Hightower, deceased, the jury returned a verdict in favor of the administrator for specific property or its value.

A separate judgment in each case was rendered in conformity to each verdict. The necessary steps were taken and the consolidated case is here on appeal.

The first assignment of error, insisted upon by appellant for reversal, is the giving of a peremptory instruction by the trial court to find for the administrator and contestants. Appellant then proceeds to attack the reasons assigned by the trial court for giving the peremptory instruction. It is immaterial whether the reasons given by the court are correct, if for any reason it was proper to give a peremptory instruction favoring the contestants. The will on its face disclosed the fact that it was signed by mark. The *ex parte* affidavit of J. R. Price is the only evidence in the record tending to show who signed the testator's name to the will, or that the testator made his mark. This affidavit was introduced over the objection of appellees. If not competent evidence, then there is no legal evidence in the record establishing the execution of the will, and no evidence whatever to support a verdict in favor of the validity of the will, had the question been submitted to the jury. Section 8013, Kirby's Digest, requires that the party signing the name of one who can not write should attest the signature by writing his own name as witness. Had this been done, the genuineness of the signature would have been sufficient without other proof. *Fakes* v. *Wilder,* 70 Ark. 449; *Ward* v. *Stark,* 91 Ark. 268. This not having been done, it follows that the genuineness of the signature by mark must be established by other proof. In the instant case, the execution of the will was drawn in issue by the pleadings. This court held, in the case of *Smith, Admx.,* v. *Feltz,* 42 Ark. 355, that "A statement or declaration, though made under the sanction of an oath and reduced to writing, is not allowable as evi-

dence on the trial of an issue raised by the pleadings, unless an opportunity has been afforded the adverse party to cross-examine the witness.'' The rule of evidence laid down in that case was reaffirmed in the case of *Western Union Tel. Co.* v. *Gillis,* 89 Ark. 483. In rendering the opinion in that case, the court used the following language: ''The affidavit of Dr. Cheatam was properly refused to be introduced in evidence. He was not a witness in the case, and his *ex parte* affidavit could not be used as independent evidence.'' Under this view of the law, it is unnecessary to consider the other questions raised and argued in appellant's brief.

No competent evidence having been introduced or offered to establish the genuineness of the testator's signature by mark to the will, it became the duty of the trial court to direct the jury to return a verdict in favor of contestants and against contestees. The judgment is affirmed.

McCulloch, C. J. (dissenting). According to my view of this case, it does not present an instance, as stated in the majority opinion of the court, of the trial court giving the wrong reason for a correct decision, but rather that it is an instance of the court making two apparently conflicting erroneous rulings which did not neutralize each other so as to bring about a correct result. The trial court erred in the first instance in permitting the *ex parte* affidavit of Price to be introduced in evidence. That error might have been corrected during the further progress of the trial by the exclusion of the affidavit, but the court did not attempt to make such correction. On the contrary, the court adhered to that ruling, but finally on the submission of the cause to the jury, decided that the signature, as proved by the *ex parte* affidavit, did not constitute a legal signature. In that decision the court again fell into error, for the signature by mark, if proved, was valid even though the person who wrote the name did not sign as a witness. *In re Will of Cornelius,* 14 Ark. 675. It puts the appellant unfairly at a disadvantage for this court, after the trial court has erroneously decided that the signature by mark was not valid, to hold that the signature

by mark was valid, but that the proof to establish that fact was incompetent. Appellant might, if the affidavit had been excluded, have introduced competent testimony to establish the fact that the testator had made his mark as it appeared attached at the end of the will near his name, but she was denied that privilege by the court's erroneous ruling that a signature made in that manner was not valid.

The injustice to appellant is not affected by the fact that the erroneous rulings were not invited by the appellees, or that they objected to the first erroneous ruling in allowing the affidavit to be introduced in evidence. Since appellant has suffered by an error committed by the court, it is a wrong that ought to be righted regardless of the fact whether appellees are responsible for it or not. It is the business of appellate courts to correct prejudicial errors, and not to compel the wronged party to bear the burden simply because the court alone is responsible for it.

I think that the judgment should be reversed and the cause remanded so that it may be tried again on competent evidence, if any can be adduced, establishing the validity of the last will and testament of the testator.

SMITH, J., concurs in the dissent.