THE J. R. WATKINS MEDICAL COMPANY v. MARTIN.

Opinion delivered December 17, 1917.

FOREIGN CORPORATIONS—RIGHT TO DO BUSINESS—PROOF OF AUTHORITY.—The authority of a foreign corporation to do business in this State may be proved by the certificate of authority issued to such corporation by the Secretary of State.

Appeal from Randolph Circuit Court; *J. B. Baker,* Judge; reversed.

*S. A. D. Eaton,* for appellant.

1.    The contracts sued upon are similar to the one sued upon in 124 Ark. 539.

The appellant had complied with the laws of Arkansas, and this was shown by the certificate of the Secretary

of State. It was error, therefore, to submit to the jury this question. 122 Ark. 451, Act No. 313, Acts of 1907.

2. Argue the merits of the cause alleging many errors.

*E. G. Schoonover,* for appellees.

1. The certificate of the Secretary of State was not admissible in evidence. Kirby's Digest, § 3058; 2 Elliott on Ev., § § 1354-5; 1 Tenn. 220; Acts 1907, Act No. 313, Acts 1899, 305, etc. There was no proof that appellant ever complied with the laws of Arkansas.

2. There is no error in the instructions and the verdict is right and sustained by the evidence.

McCULLOCH, C. J. This appeal is from judgments rendered in two consolidated actions at law instituted by appellant to recover amounts alleged to be due for sales of merchandise under written contracts which are identical in form and substance. Each of the purchasers under the alleged contracts were required to furnish guarantors who signed the respective bonds as such. In the action against appellee Martin his guarantors were joined as defendants and the same course was pursued in the action against appellee Nettle. The contract in the Martin case was executed on February 18, 1914, and the contract in the Nettle case was executed on December 1, 1913. On the trial of the cases below there was a verdict for the defendants in both cases.

Appellant is a Minnesota corporation domiciled at the city of Winona in that State, and at the time of the execution of the contracts in each of these cases had not complied with the laws of Arkansas permitting foreign corporations to do business here. The contention of appellant was, and is, that the contracts were for the sale of merchandise and that the sales constituted interstate commerce, which is not subject to the regulations of this State. In other words, that in each instance there was a sale of goods which took place in another State where the contract was lawful and that the shipment of the goods into this State constituted interstate commerce.

The sole issue tendered by the answer in each case so far as related to the principal defendant was that the contract was not for the sale of merchandise, but for the creation of an agency for the sale of merchandise by retail in the State of Arkansas, and that the contract was void because of the fact that appellant had not complied with the laws of this State allowing corporations to do business here.  The guarantors also made the defense that there had been changes in the contract without their consent, and during the progress of the trial the court, over appellant's objections, permitted the pleadings to be amended so as to allow the guarantors to interpose the additional defense in one of the cases that they had notified appellant of their withdrawal from the contract as guarantors.  During the progress of the trial appellant introduced in evidence a certificate of the Secretary of State bearing date of November 30, 1915, which was prior to the institution of these actions, to the effect that appellant had complied with the laws of this State by filing in the office of the Secretary of State a duly certified copy of its articles of incorporation, a certificate designating an agent upon whom service of summons or other processes might be had in any of the courts of this State, and resolutions of the board of directors, consenting that summons or other process might be had upon said agent, or upon the Secretary of State, and a statement of its assets and liabilities, a statement showing the number of shares of capital stock and the par value of each, the value of property owned and used by said corporation in the State of Arkansas, the proportion of capital stock of the company which is represented or employed in its business in the State, etc., and that said corporation had paid the fees required by law, and in all other things complied with the provisions of the statute.

The court allowed appellant to introduce this certificate over the objections of appellees, but in finally submitting the case to the jury the court gave instructions telling the jury that they must return a verdict for defendants unless they found from a preponderance of the

evidence that the laws of this State had been complied with. Other instructions were given, submitting the issues of the withdrawal of the guarantors, but we do not deem it necessary to review that feature of the case, since we have reached the conclusion that the judgment in each case must be reversed on account of the error of the court in its instructions concerning the authority of appellant to do business in this State. The effect of the court's rulings was to first hold that the certificate of the Secretary of State was admissible and later by its instructions to take that evidence away from the jury or weaken its force, because if the certificate was admissible it made a case of undisputed evidence as to the right of appellant to do business here. If the court was correct in its final ruling in the instruction that the authority to do business here had not been established by legal evidence, then there should be no reversal because of the apparent conflict in the rulings of the court in admitting the certificate and in finally instructing the jury, in effect, that the certificate was insufficient to establish the authority to do business. *Hightower* v. *Hightower*, 128 Ark. 95.

We have decided that a contract made by a foreign corporation before complying with the laws of this State is not void, and that where the statutes are complied with before the institution of the action the contract is enforceable. *Waxahachie Medicine Co.* v. *Daly,* 122 Ark. 451. Counsel for appellees defend the ruling of the court solely on the ground that the authority of appellant to do business in the State was not properly proved, the contention being that proof of the authority to do business is controlled by the general statute (Kirby's Digest, § 3058), providing for the introduction of certified copies of documents on file in the office of the Secretary of State, or by the terms of the act of May 8, 1899 (Acts 1899, page 305; Kirby's Digest, § 827), which provides that the Secretary of State "shall cause to be issued to said corporation a copy of such charter, or articles of incorporation, or certificate so filed, properly certified under the seal of his office, and a copy of such charter, or articles of incorpora-

tion or certificate, certified to by the Secretary of State shall be taken by all the courts of this State as evidence that the said corporation has complied with the provisions of this act, and is entitled to all the rights and benefits therein conferred.''

It must be readily conceded that unless the statutes of this State direct the Secretary of State to grant to a foreign corporation a certificate of authority to do business in this State, such authority must be proved, when called in question, by the introduction of the documents on file in the office of the Secretary of State showing compliance with the laws of the State, for it is well settled that the existence and contents of documents in the custody of a public officer can not be proved merely by the officer's certificate of contents. On the other hand, it seems equally clear that if the statutes of the State which prescribe the terms upon which corporations shall do business in the State direct the issuance by the Secretary of State of a certificate of authority to do business, then such certificate is the best evidence of such authority, and must be received in evidence by the courts when the right of a corporation to do business here is called in question. The act of 1899, *supra,* contains an express provision as to how the authority of a foreign corporation to do business in the State shall be evidence and the provision is that it must be by a certified copy issued by the Secretary of State of the articles of incorporation, etc., filed in his office. If that statute is still in force, and no other method has been provided by law for evidencing the authority of a corporation to do business here, then the certificate of the Secretary of State was not admissible and the ruling of the trial court was correct. We have decided, however, in the case of *Western Union Telegraph Co.* v. *State,* 82 Ark. 302, that the act of 1899, regulating the doing of business by foreign corporations in this State, has been repealed by the act of April 23, 1901 (Acts of 1901, page 386), which contained no express provision as to how the authority of a corporation to do business should be certified. As to that feature of the act we said:

"It is true that the old act provided that the Secretary of State should issue to the corporation so complying with the law a certified copy of the articles or certificate so filed, but this added nothing to requirements upon the corporation. The same end is accomplished under the new act by filing the copy of the articles of incorporation with the proper officer, and a certified copy furnished by such officer would, in the absence of an express provision by statute to that effect, be evidence of compliance with the statute. Another statutory provision covers that as a rule of evidence. Kirby's Digest, § 3058. At any rate, the fact that the old act contains provisions not embraced in the new does not prevent the application of the doctrine of repeal by implication or by substitution."

The law on the subject stood in that condition until the General Assembly of 1907 enacted the statute which still remains in force prescribing the conditions upon which foreign corporations may do business in this State. The first section, which is the only one bearing on the present subject, reads as follows:

"Section 1. Every company or corporation incorporated under the laws of any other State, territory or country, including foreign railroad and foreign fire and life insurance companies, now or hereafter doing business in this State, shall file in the office of the Secretary of State of this State a copy of its charter or articles of incorporation or association, or a copy of its certificate of incorporation, duly authenticated and certified by the proper authority, together with a statement of its assets and liabilities and the amount of its capital employed in this State, and shall also designate its general office or place of business in this State, and shall name an agent upon whom process may be served. Provided, before authority is granted to any foreign corporation to do business in this State it must file with the Secretary of State a resolution adopted by its board of directors, consenting that service of process upon any agent of such company in this State, or upon the Secretary of State of this State, in any action brought or pending in this State, shall be a

valid service upon said company; and if process is served upon the Secretary of State it shall be his duty to at once send it by mail, addressed to the company at its principal office; and if any company shall, without the consent of the other party to any suit or proceeding brought by or against it in any court of this State, remove said suit or proceeding to any Federal court, or shall institute any suit or proceeding against any citizen of this State in any Federal court, it shall be the duty of the Secretary of State to forthwith revoke all authority to such company and its agents to do business in this State, and to publish such revocation in some newspaper of general circulation published in this State; and if such corporation shall thereafter continue to do business in this State, it shall be subject to the penalty of this act for each day it shall continue to do business in this State after such revocation.''

Assuming that the general statute on the subject of evidence (Kirby's Digest, § 3058) controlled at that time, it seems clear to us from the reading of the above quoted section that the Legislature intended to confer upon the Secretary of State the power to grant a certificate of authority to corporations after the statutes have been complied with, and if that be true such certificate is the evidence of such authority. The statute provides that a copy of the charter or articles of incorporation, or a copy of the certificate of incorporation shall be filed with the Secretary of State. Then follows the provision that ''before authority is granted to any foreign corporation to do business in this State, it must file with the Secretary of State a resolution,'' etc. In whom, then, does the statute vest the power to grant a certificate of authority? Certainly in the Secretary of State, and as there is no requirement in the statute for the issuance of a certified copy of the articles of incorporation so filed, then it necessarily follows that the lawmakers meant that the Secretary of State should merely issue a certificate of authority. This is made plain by the later provision in that statute with respect to revocation by the Secretary of State of the

authority granted to a corporation. The two powers of granting the authority and of revoking the same are clearly implied, we think, from the language of the statute. It has been so treated by this court in several cases, although the point has not been expressly raised before as to the form of certificate of authority issued by the Secretary of State. In the opinion of this court in *Waxahachie Medicine Co.* v. *Daly, supra,* the statement was made that the corporation suing in the case had complied with the laws of this State "and was issued a certificate authorizing it to do business in the State." Moreover, if there had been any doubt as to the meaning of the act of 1907, the question of the form of certificate is set at rest by the statute subsequently enacted by the General Assembly of 1911 (Acts of 1911, page 48), the title of which is "An act to prescribe the fees to be paid by corporations, and for other purposes." That statute is a lengthy one and prescribes the filing fees for corporations, both domestic and foreign. Section 13 provides that all of the filing fees shall be paid to the State Treasurer, and that "if the payment is made by a foreign corporation and such corporation has complied with all the laws of the State of Arkansas regulating foreign corporations, the Secretary of State shall issue it a certificate showing that it is authorized to do intrastate business in Arkansas."

It is not conceivable that the Legislature intended to prescribe two methods of proving the authority of a corporation to do business in this State, and the method impliedly prescribed by the act of 1907 and expressly by the act of 1911, are identical, and afford the exclusive method, which is by a certificate of the Secretary of State, and not a certified copy of the articles of incorporation and other documents required to be filed in that office.

It follows that the trial court erred in submitting to the jury the question of appellant's authority to do business in this State, for under the certificate introduced in evidence that authority was indisputably established. The judgments are reversed and the causes remanded for new trial.

WOOD and HART, JJ., dissent.