CHANCELLOR *v.* STEPHENS.

Opinion delivered October 28, 1918.

1. APPEAL AND ERROR—HARMLESS ERROR—ADMISSION OF EVIDENCE.— The error of admitting a telegram from a third person to the attorney for plaintiff was harmless where such person had previously deposed to the same effect.

2. SAME—INSTRUCTION—GENERAL OBJECTION.—Where a merely general objection was saved to an ambiguous instruction given by the court, and a specific objection would have caused the defect to be cured, the objection is insufficient.

Appeal from Greene Circuit Court; *R. H. Dudley,* Judge; affirmed.

*Huddleston, Fuhr & Futrell,* for appellant.

1. The testimony of Light introducing the telegram was inadmissible. It was mere hearsay. 1 Green. Ev., 184, § 99. The error was prejudicial. 3 Cyc. 386.

2. It was error to tell the jury that the question for them to determine was as to whether or not Storms and wife gave the property to appellee and put them in possession. This was not the question at all but was: Did Storms and wife trade the property to Mitchell who sold it to appellant? 97 Ark. 11.

3. It was error to give the first instruction for the same reasons.

4. Instruction No. 2 is abstract, abstruse, misleading and prejudicial. The relation of principal and agent is one of contract and there was no priority between Mitchell and Chancellor.

*Jason L. Light,* for appellee.

1. There was no error in admitting Light's testimony and the telegram. It was not hearsay. Proper objections were not saved. 56 Ark. 465; 58 *Id.* 381; 65 *Id.* 371; 37 Cyc. 1397; 38 *Id.* 1425. But if error, it was harmless. 83 Ark. 331.

2. The instructions contain no error. The objections were general. 38 Cyc. 1693; 60 Ark. 613. See 67 Ark. 531; 110 *Id.* 567; 60 *Id.* 31; 55 *Id.* 213; 89 *Id.* 300; 3 C. J., § 756; 78 Ark. 71; 56 *Id.* 594; 111 *Id.* 538; 106 *Id.* 315. If erroneous, they were too favorable to appellant and harmless to him. 6 Ark. 156; 23 *Id.* 32; 78 *Id.* 71; 87 *Id.* 243. Defendant asked no specific instructions and can not complain. 95 Ark. 593; 94 *Id.* 575; 92 *Id.* 6; 81 *Id.* 549; 104 *Id.* 322, etc.

3. The verdict is correct on the whole testimony. 38 Cyc. 1530, 1811. A failure by one party to comply with a contract releases the other. 65 Ark. 320. As to the instructions see 38 Cyc. 1639-40; 62 Ark. 228.

SMITH, J. Appellees, George Stephens and his wife, brought replevin in the court of a justice of the peace to recover from appellant Chancellor certain described personal property. The cause was transferred to the court of common pleas, where there was a trial and judgment in favor of Stephens, and an appeal was prosecuted to the circuit court, and a judgment was there again rendered in favor of Stephens upon a trial before a jury. Stephens claimed the property as a gift from one S. M. Storms, who had removed from Greene County, Arkansas, to California, while Chancellor claimed to own the property by purchase from Storms. The date of the alleged purchase was prior to the date of the alleged gift.

Error is assigned in the admission of certain testimony and the giving of certain instructions. The objectionable testimony consisted in a telegram from Storms addressed to J. L. Light, who was the attorney for Stephens, in which the statement was contained that

the property had been given to Stephens, and in permitting Stephens and his wife to testify as to the contents of certain letters received from Storms relating to the gift of the property, and which were written after the controversy over the property had arisen. The objection made to the letters at the time they were offered was that no sufficient proof of their loss was made, but the proof in this respect was supplied by a showing that the letters were lost, and could not be found after diligent search had been made.

The telegram, which purported to have been sent by Storms, who was not a party to the action, to the attorney in the case was not admissible, but we think its admission could not have been prejudicial for the following reasons: The depositions of Storms and his wife were taken, and they testified that they were joint owners of the property, and that Storms, with the consent of Mrs. Storms, had written a letter to Stephens and his wife, who were then in possession of the disputed property, giving them the property because of past kindnesses. The telegram was but a re-statement of a fact to which both Mr. and Mrs. Storms had sworn, and contained nothing contradictory of or in addition to their testimony.

Over Chancellor's objections the court gave the following instructions: "A. Gentlemen of the jury, in this case the plaintiffs, George Stephens and wife, sue the defendant, L. S. Chancellor, in replevin to recover the possession of two mules, one wagon and harness, one cultivator, one disc harrow, three plows, one drill, and a grind rock, of the alleged value of $260. The plaintiffs claim to own the property by gift from one S. M. Storms and wife. Storms was the owner of certain real estate and personal property in Greene County, Arkansas, which real estate he exchanged with J. O. Mitchell and wife for property in the State of California. The contention of the defendant is that Mitchell in buying the land in Greene County from Storms also acquired title to the personal property, and that after

Mitchell and wife sold the land to the defendant Chancellor he thereafter bought the personal property here involved in this lawsuit. It is not contended by the defendant here that he bought the personal property involved here at the same time and in the same deal by which he bought the real estate from Mitchell, which Mitchell bought from Storms, but that the deal whereby he became the owner of the personal property was subsequent to the purchase by him of the real estate. The question for you to determine in this lawsuit is as to whether or not Storms and his wife gave the property here involved to the plaintiff and his wife, or either of them, and put them in possession of it.

"1. You are instructed that one has a perfect right to dispose of his property as he sees fit. And in this case, if you find that Storms and his wife, prior to the closing of the deal with Mitchell for the land, gave the plaintiff Stevens and his wife, or either of them, the property here involved, intending that the same should be his property and placed them in possession of it, then you should find for the plaintiffs. As to whether or not the property in question is now the property of Stephens and his wife, or either of them, is a fact for you to determine from all of the facts and circumstances in evidence before you. A mere intention to give property is not sufficient to convey title; that intention must be carried out and the property delivered.

"2. It is conceded here that at the time of the purported gift the plaintiff Stephens was in possession of the property, but it is contended on the part of the defendant that he was in possession as the agent of the buyer. If you find that he was in possession of the property merely as the agent of the buyer and not as the agent of Storms, then your verdict will be for the defendant."

Chancellor insists that the instructions given did not submit the real question at issue, because, under his theory of the case, he had bought the property from Mr. and Mrs. Storms before the time of the alleged gift,

and the question made controlling by the instructions was in fact an immaterial one, as it made no difference whether Storms and his wife gave the property to Stephens, if, prior to the alleged gift, they had sold it to Chancellor. But we think the objection now made was one that should have been specifically made at the trial. The instructions do not tell the jury that a gift would have passed the title, even though there had been a prior sale. In fact, instruction No. 2 negatives that idea. Stephens and his wife were in possession at the time of the alleged gift, and this instruction tells the jury to find for Chancellor if this possession was for Chancellor's benefit.

It is also contended that this instruction No. 2 is ambiguous and misleading, in that Chancellor did not contend that Stephens was in possession as his agent. The instruction is not happily framed, and does appear ambiguous in the light of the objection now made to it. But only a general objection was made to it, and we think it apparent that a specific objection would have met with a ready response. Counsel for Stephens points out in his brief that the question tried was not whether an attempt had been made to give the property to Stephens, but whether, prior to the time of the alleged gift, a sale of it had been made. This was the question tried by the jury, and was purely one of fact; and no instructions were asked by Chancellor, and only a general objection was made to those given by the court, and we think the thought intended to be conveyed by instruction No. 2 was that a verdict should be returned for Chancellor, notwithstanding Stephens' possession, if, prior to the gift, there had been a sale.

No error appearing, the judgment is affirmed.