RANDLE *v.* INTERSTATE GROCER COMPANY.

Opinion delivered February 14, 1921.

1. CONTRACTS—VIOLATION OF BLUE SKY LAW.—Under Crawford & Moses' Digest, §§ 751, 762, 770, making it unlawful for any investment company to sell stocks, bonds or other securities without procuring the Bank Commissioner's approval, and making a violation of the act a misdemeanor, notes given in pursuance of a sale of securities made without the commissioner's approval are void, and can not be validated by a subsequent compliance with the statute.

2. STATE—POLICE POWER.—Under its police power, the State may regulate certain occupations and the terms on which stocks and other securities may be sold.

3. APPEAL AND ERROR—DISMISSAL ON REVERSAL.—Where a case has been fully developed, it will be dismissed on reversing it.

Appeal from Marion Circuit Court; *J. M. Shinn,* Judge; reversed.

STATEMENT OF FACTS.

The Interstate Grocer Company sued J. M. Randle in the circuit court to recover an amount alleged to be due it upon three promissory notes. The plaintiff was a foreign corporation and had not complied with our statutes in regard to the sale of corporate stock by investment companies. The notes in question were given for shares of stock in the plaintiff company. At a later date the plaintiff complied with the statute and secured a certificate authorizing it to sell six hundred shares of its capital stock. It then instituted the present suit.

The case was tried before the court sitting as a jury and judgment was rendered in favor of the plaintiff against the defendant for the amount sued for. The defendant has appealed.

*Williams & Seawell,* for appellant.

A foreign corporation can not legally sell is capital stock in this State until after it has complied with the blue sky law and secured from the State Bank Commissioner a certificate authorizing such a sale. Act No.

242, Acts 1915, §§ 2, 21. The contract and notes are void. 2 Pet. 527; 91 Ark. 69-72; 145 Ark. 61. -

*J. H. Black,* for appellee.

The only question here is settled. See 183 S. W. 741; 70 Ark. 525; 77 *Id.* 203.

HART, J. (after stating the facts). It is contended by counsel for the defendant that the judgment against him should be reversed because the contract in question was made unlawful by sections 751 and 762 of Crawford & Moses' Digest.

Section 751 provides, among other things, that every person, corporation, copartnership, company or association, a resident of, or organized in, any other State, shall be known for the purposes of this act as a foreign investment company.

Section 762 provides, among other things, that it shall be unlawful for any investment company, or dealer, or representative, either directly or indirectly, to sell or cause to be sold, offer for. sale, take subscription for, or negotiate for the sale in any manner in this State, any contracts, stocks, bonds, or other securities (except as expressly exempt herein) unless and until said bank commissioner has given his approval in accordance with the act.

Section 770 of the digest makes it a misdemeanor to violate the provisions of the act and imposes a fine of not more than $1,000, or imprisonment in the county jail for not more than a year, or by both such fine and imprisonment.

It is sought to uphold the judgment upon the authority of our holding that the failure of a foreign corporation to comply with the requirements of the statute prescribing conditions upon which foreign corporations may enter and do business within the State do not render its contracts void, but only prevents their enforcement by such corporations until compliance with the terms of the statute. *Waxahachie Medicine Co.* v. *Daly,* 122 Ark. 451, and *Buffalo Zinc & Copper Co.* v. *Crump,* 70 Ark. 525.

We do not think that these cases control here.    It was within the power of the State to prescribe terms and conditions upon which foreign corporations might do business in this State.    The statute under consideration in the cases referred to were dealing with the rights of such corporations to do business in the State at all, and did not make unlawful the business itself.

In the last mentioned case the court said: "The act of February 16 does not expressly prohibit the institution of an action because of a failure to perform any condition, nor does it intend to forever prohibit the maintenance of any action because the plaintiff therein is a foreign corporation, and has not within any particular time complied with its terms.    Penalties are imposed on account of past conduct or omissions.    The penalties of the act in question are, doubtless, intended to compel an observance of its terms.    When that is done, its purpose is accomplished, the condition upon which the right to mtaintain an action depends is performed, and the plaintiff can in the future prosecute it to a final judgment."    The same principle enters into the decision of the first mentioned case.

The present case is distinguishable in principle from these cases.    It expressly makes it unlawful for every person, corporation, copartnership, or association of any other State to sell stocks, bonds, or other securities in this State unless and until the bank commissioner has given his approval in the manner provided by the act.    A subsequent section makes the violation of the act a misdemeanor.    Thus it will be seen that it was the intention of the lawmakers, as expressed by the language of the act, to make unlawful, contracts like the one in question, unless the permission to make them was given in accordance with the statute.    It is directed against the kind of business to be conducted and is not directed against the persons carrying on the business.    This is shown by the fact that it is equally unlawful for persons or copartnerships to carry on such business without the required permission as it is for corporations to do so.    The statute

is not directed at the person or corporation doing the act, but at the act done by them. It is intended to regulate the business. Therefore, we are of the opinion that the case is ruled by the principles of law laid down in the case of *Compagionette* v. *McArmick,* 91 Ark. 69. In that case, suit was brought upon a note given for the purchase of a horse known to the seller to have the glanders, and the contract was held void. The statute in that case provided, in effect, that any person who shall sell any horse having the disease known as the glanders should be guilty of a misdemeanor. In discussing the question the court said:

"A sale is illegal where the statute expressly declares it to be so, or where it prohibits its execution; and a sale is equally invalid where the statute only imposes a penalty upon the party for making it. It is not necessary that the statute should expressly declare the contract of sale to be void; but the infliction of a penalty upon what is declared as an offense implies a prohibition of such act, and thereby renders void any contract founded on such act. In this State it is the well settled doctrine that, 'every contract made for or about any matter or thing which is prohibited and made unlawful by statute is a void.' "

So here, the statute makes it unlawful for a person, firm or corporation of another State to come into this State and sell stocks without obtaining permission from the Bank Commissioner in accordance with the statute. The plaintiff sold the stock without complying with the statute and thereby rendered the contract void.

Under our bill of rights, all are created equally free and have certain inherent and inalienable rights. It has been well said that the right to follow any of the common occupations of life is an inalienable right. It is equally well settled that the State, under its police power, may regulate certain occupations, and that statutes regulating the terms on which stocks and other securities may be sold in a State are generally held valid. *Standard Home*

*Co.* v. *Davis,* 217 Fed. Rep. 904, and *Ex parte Taylor,* (Fla.) Ann. Cas. 1916 A, p. 701 and case note.

It follows that the judgment must be reversed, and, inasmuch as the case has been fully developed, the cause of action will be dismissed.

SMITH, J., dissents.