SAKABA OIL COMPANY *v.* PARISH.

Opinion delivered November 28, 1927.

1. MASTER AND SERVANT—PERSONAL INJURIES OF SERVANT—EVIDENCE.—Evidence *held* sufficient to support a verdict for an employee in an action for personal injuries caused by the master's negligence.

2. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—The jury's verdict supported by sufficient evidence is conclusive.

3. CORPORATIONS—EVIDENCE OF CORPORATE EXISTENCE.—A certificate of the Secretary of State that a corporation has complied with Crawford & Moses' Dig., § 1826, and has been given a certificate authorizing it to do business in the State as a foreign corporation, is sufficient evidence of its corporate existence.

4. CORPORATIONS—CORPORATE EXISTENCE.—Defendant, sued as a corporation and answering in its corporate name, without showing that it is an unincorporated association or that the name was assumed by a partnership or person, admits its corporate existence.

5. APPEAL AND ERROR—HARMLESS ERROR.—Admission of testimony as to what defendant's foreman had told the witness was not prejudicial error where the foreman himself testified to the same fact.

6. APPEAL AND ERROR—INVITED ERROR.—Defendant on appeal cannot complain of an instruction containing an alleged prejudicial statement, if defendant asked for an instruction containing the same statement.

7. APPEAL AND ERROR—HARMLESS ERROR.—A case will not be reversed for giving an erroneous instruction if the jury could not have been misled thereby.

8.   DAMAGES—PERSONAL INJURIES—EXCESSIVENESS.—A verdict of $2,400 for the fracture of both bones of the leg, and pain still being suffered, *held* not excessive.

Appeal from Hot Spring Circuit Court; *Thomas E. Toler*, Judge; affirmed.

*John L. McClellan* and *Buzbee, Pugh & Harrison*, for appellant.

*D. D. Glover, H. E. Farabee* and *Quinn. Glover*, for appellee.

MEHAFFY, J.   Appellee, plaintiff below, brought suit against the appellant, defendant below, for personal injuries, alleging that the appellant is a corporation organized and existing under the laws of the State of Louisiana, authorized to do business in Arkansas, and is engaged in the business of drilling oil wells and handling machinery used for that purpose; that, on the 21st day of December, 1925, appellee, who was in the employ of appellant, was working under orders and directions of appellant's foreman, and was engaged in moving a cable from one well to another; that, after one end of the cable had been hauled along the ground by a team and attached to shaft, which was run by an engine, to wind the cable on the shaft, and thus to pull it from one well to the other, appellee was told by the foreman to put the men on the line so as to keep the cable straightened out and released from stumps and trees while it was being drawn along on the ground in the process of winding it on to the shaft; that, after plaintiff had walked about three hundred feet away from the engine, and had placed the other men along the cable, appellant's servant in charge of the engine negligently and carelessly and without warning started up said engine, thereby tightening up the cable while it was lying against a stump in the curved position, thus causing it to pull over the stump and strike appellee on the leg with great force, breaking both bones of his leg; that he was taken to the hospital, where he remained several days, and suffered severe and excruciating pain of both body and mind, and that he was thus made a cripple for life, and still suffered from said injuries. He asked for damages in the sum of $3,000.

The appellant answered, denying all the material allegations, and denying that it was a corporation.

The evidence offered by appellee tended to show that, when he went out on the line, the engine was not running, the cable was not moving, and that it was the understanding that the engine would not be started without a signal; that no signal was given; that the engineer, without signal and without warning, negligently started the engine, tightened the cable, and thereby caused it to hit appellee on the leg, breaking his leg, as alleged in his complaint.

The undisputed evidence showed that Lantz was the foreman, and had directed the appellee and other employees to get out on the line and keep the kinks out of the cable.

Appellant's testimony tended to show that he could see only one of the men, but that man signaled him to start the engine, and he then kept on a continuous pulling until the accident.

There is some conflict in the evidence, but the jury's finding on the facts is conclusive as to the facts, since there was sufficient evidence to support its verdict.

The appellant's first contention is that there was not sufficient proof that the appellant was a corporation. We do not agree with the appellant in this contention. It was alleged that the appellant was a foreign corporation organized under the laws of the State of Louisiana. The appellant, in its answer, denies that it was a corporation duly organized under the laws of the State of Louisiana. It admits that it is engaged in drilling oil wells and handling machinery for that purpose, and employing laborers.

The appellee introduced in evidence the certificate of the Secretary of State, which stated, among other things, that the appellant was a corporation organized under the laws of the State of Louisiana, and was issued a certificate of authority to do business in the State of Arkansas on the 23d day of July, 1921, and that said corporation designated Mr. H. P. Cottingham of El Dorado, Arkansas, as their agent, upon whom service of process may be

served, and did in all ways comply with the law in order to secure said certificate of authority.

The law provides how a foreign corporation may be authorized to do business in this State. Among other things, it shall file in the office of the Secretary of State a copy of its charter or articles of incorporation or association, or a copy of its certificate of incorporation, duly authenticated and certified by the proper authority, etc. According to the certificate of the Secretary of State, the appellant complied with this law, and was doing business in the State of Arkansas under the authority given it after complying with the law, as provided in § 1826 of Crawford & Moses' Digest.

The other section of the Digest referred to by appellant relates to domestic corporations alone. This company complied with the law prescribing how foreign corporations might do business in this State. The certificate introduced showed that it had complied with the law, and, of course, a partnership or a person other than a corporation would not have to comply with this law, but could do business in Arkansas just as a resident or citizen of this State could. The filing of its articles as certified to by the Secretary of State, and asking to do business in the State of Arkansas as a corporation, is shown by the Secretary of State's certificate. In addition to this, at least one witness testified that he understood that the appellant was a corporation. Appellant's attorney referred to it during the progress of the trial as a corporation. Of course, calling it a corporation during the trial would not be proof that it was, because the attorney might refer to it in that manner thoughtlessly.

This appellant appeared in court, filed a motion for continuance and an answer, appearing in the suit that was brought against it as a corporation. It is true it denied in the answer that it was a corporation organized under the laws of the State of Louisiana, but the very fact of appearing and answering in its corporate name, without showing that it was an unincorporated association, or a name assumed by a partnership or a person, is, we think, an admission of its corporate existence.

It has been said:

"The rule then is that a corporation, by appearing in a suit which has been brought against it, admits its corporate existence, and estops itself of denying the same. * * * But a party may not come into court and deny his own existence. He may deny his liability to suit, his power to act, or responsibility for his actions; but, coming in, he admits that he exists, so that, when a bill of particulars is filed, stating a cause of action against an alleged corporation, if the party upon whom service is made comes in, and pleads, and goes to trial as the defendant sued, there is no need of the plaintiff's proving that it is the defendant, and that it exists. The defendant thus coming in has admitted its own existence. It will be observed that the present case is not one in which the defendant corporation makes answer, by special plea or otherwise, that it has ceased to exist, or that it has been dissolved. Its denial is that it ever existed. This it cannot do while appearing and answering as the corporation named as the defendant, and whose liability is sought to be enforced." *Perris Irr. Dist.* v. *Thompson,* (C. C. A.) 116 Federal Reporter 833.

This court, in passing on a similar question, said:

"The court allowed appellant to introduce this certificate over the objection of appellees, but, in finally submitting the case to the jury, the court gave instructions telling the jury that they must return a verdict for defendants unless they found from a preponderance of the evidence that the laws of this State had been complied with. * * * The effect of the court's rulings was to first hold that the certificate of the Secretary of State was admissible, and later, by its instructions, to take that evidence away from the jury or weaken its force, because, if the certificate was admissible, it made a case of undisputed evidence as to the right of appellant to do business here. * * * On the other hand, it seems equally clear that, if the statutes of the State, which prescribe the terms upon which corporations shall do business in the State, direct the issuance by the Secretary of a certificate

of authority to do business, then such certificate is the best evidence of such authority, and must be received in evidence by the courts when the right of a corporation to do business here is called in question. * * * It is not conceivable that the Legislature intended to prescribe two methods of proving the authority of a corporation to do business in this State, and the method impliedly prescribed by the act of 1907 and expressly by the act of 1911, are identical, and afford the exclusive method, which is by a certificate of the Secretary of State, and not a certified copy of the articles of incorporation and other documents required to be filed in that office." *J. R. Watkins Medical Co.* v. *Martin,* 132 Ark. 108, 200 S. W. 283, 2 A. L. R. 1230.

"In an action by or against an alleged corporation, plaintiff is not bound to prove its corporate existence or that of defendant, as the case may be, unless an issue as to corporate existence is properly raised by the pleadings; and if a defendant corporation demurs, answers, or otherwise appears generally to the action, its corporate existence is thereby admitted, and need not be proved." 14 C. J. 163.

It is also said, in speaking of making a *prima facie* case:

"On the other hand, it is generally sufficient to meet the collateral attack by showing a *de facto* corporate existence or a *prima facie* estoppel when an action is brought for relief with respect to contracts or dealings by plaintiffs with a body claiming to be a corporation. * * * And it is generally held that there is such presumption of corporate existence, unless it is rebutted by the facts, where an association has contracted in a name or a style usual to corporations, and which discloses no individuals." 14 C. J. 164.

Since foreign corporations are authorized to do business in Arkansas by a compliance with the laws of this State, prescribing the manner in which they may enter the State and do business, and these laws apply to foreign corporations alone, and they require the filing of the

articles with the Secretary of State, the certificate of the Secretary of State that this has been done and that a certificate has been given to the applicant authorizing it to do business in Arkansas as a foreign corporation, is sufficient evidence of its corporate existence.

The appellant's next contention is that the court erred in admitting the testimony of witness Sprouse to the effect that appellee, Parish, told him that Lantz had told him, etc. We think this testimony was not prejudicial, because Lantz himself testified about what he told the parties, and testified to other facts that witness Sprouse testified to. We also think the error, if any, in admitting other evidence objected to by appellant was harmless. See *Chancellor* v. *Stephens,* 136 Ark. 175, 206 S. W. 145; *Underdown* v. *Desha,* 142 Ark. 258, 219 S. W. 19; *Payne* v. *Thurston,* 148 Ark. 456, 230 S. W. 561; *L. J. Smith Const. Co.* v. *Tate,* 151 Ark. 278, 237 S. W. 83.

As to appellant's third and fourth contentions, we have examined the entire evidence carefully, and think that the verdict of the jury, so far as the facts are concerned, is conclusive; that there is substantial evidence to support the verdict.

The appellant contends that instruction number 8 was erroneous. And, while learned counsel do not state in what particular it is erroneous, we assume that it is because of the statement of the court that, under certain circumstances, "plaintiff would not be guilty of negligence in crossing over the line as he did, before giving a signal to start." We think that it would have been proper to have submitted that question to the jury, but instruction number 10, given at the request of the appellant, contained a similar statement. It told the jury that, under certain circumstances, as a matter of law plaintiff was guilty of contributory negligence, if they found certain facts to be true.

Plaintiff's instruction number 8 told the jury that, if they found certain facts to be true, they would find that he was not guilty of contributory negligence. We do not think there was any prejudicial error in giving

instruction number 8. It told the jury that, if they found that plaintiff was instructed by his foreman, Lantz, to go back on its line that was being pulled to give instructions to its other men while the line was still and not being pulled, and that its line was not to be pulled until the one in charge of the engine was signaled to start it, the plaintiff would not be guilty of contributory negligence. The jury could not have been misled by these instructions, and this court has often held that a case will not be reversed for the giving of an erroneous instruction if the jury could not have been misled.

There is no dispute about the injury to plaintiff nor about his suffering. And, while the appellant says the verdict is excessive, we think the injury would have sustained a larger verdict. Both bones of appellee's leg were broken, and he suffered great pain, and the evidence shows that he still continues to suffer, and the jury returned a verdict for only $2,400. This amount cannot be said to be excessive.

We conclude therefore that there was no prejudicial error in giving instruction number 8 at the request of the appellee. The instructions taken together, we think, clearly state the law to the jury, and, while instruction number 8, given at the request of the appellee, and instruction number 10, given at the request of the appellant, should have been given in different form, there was no prejudicial error in this case in giving them in the form in which they were given.

There was substantial evidence to support the verdict, and the case is therefore affirmed.