The Honorable Andrea Lea State Representative Post Office Box 1342 Russellville, Arkansas 72811-1342
Dear Representative Lea:
You have requested my opinion on the following question regarding A.C.A. § 23-42-301(c), which requires registration under the Arkansas Securities Act in order to transact business as an investment adviser or representative:
 Does a violation of A.C.A. § 23-42-301(c)[1] make the agreement with the broker void or must the [pension and relief fund] board take some type of action to terminate the agreement with the broker?[2] *Page 2 
As background for this question, you explain that the City of Russellville entered into an agreement with a broker to manage the City's fire pension and relief fund, but the broker was not registered under the Arkansas Securities Act. You state that the broker was subsequently found to have violated the Act when he solicited the City's business, and that a consent order was issued to resolve the issues.
RESPONSE
According to my review, the Arkansas Securities Act[3] does not expressly address the question whether a violation of the registration requirement renders void a contract entered by either an unregistered investment adviser or representative, or by an unregistered broker-dealer. Nor has my research disclosed any interpretive case law directly addressed to this question. Even if the Act does not declare such a contract void, it does not follow that the contract is thereby valid or enforceable. The contract may well be subject to rescission by the pension and relief fund board. Civil liability may also attach if securities were offered or sold in violation of the registration requirements. I suggest that the board seek the advice of its local counsel in determining how best to proceed under the attendant circumstances, as I am not the board's counsel in such matters.
DISCUSSION
I have found no helpful authority on the specific question whether a failure to obtain the requisite registration under the Arkansas Securities Act renders void a contract entered by the person who was required to be registered. I believe some authority might be gleaned, however, from a review of the question in the context *Page 3 
of the Arkansas contractor licensing law. One of my predecessors observed the following when considering the effect of a contractor's failure to obtain the requisite license before being awarded a construction contract:
 [C]ases interpreting contract/licensing law have indicated that unless it appears affirmatively that the Legislature intended to render the forbidden act or contract absolutely void in legal contemplation, it will not be so held. Ottinger v. Blackwell, 173 F. Supp. 817, (E.D.Ark. 1959) citing Woolfort v. Dixie Cotton Company, 77 Ark. 203, 91 S.W. 306 (1905). In both Act 394 and 150 [contractor licensing requirements], there is no mention by the Legislature that if a contract is awarded to a company which is not licensed, that contract is void. The prohibition goes solely to the remedy and not to the inherent validity of the contract itself. Ottinger, infra.[4]
A court faced with the question might similarly conclude that the Arkansas Securities Act does not invalidate a contract entered by an unregistered investment advisor or representative, given the absence of a provision in the Act expressly declaring such a contract as illegal or void. There are no reported decisions addressed to the question, however; and I cannot offer a more definitive opinion in the absence of a case squarely on point.
It should nevertheless be emphasized that even if a court were to determine that the Securities Act does not itself expressly render the contract invalid, it does not follow that the contract is necessarily thereby valid or enforceable. In Hogg v. Jerry,299 Ark. 283, 773 S.W.2d 84 (1989), the Arkansas Supreme Court affirmed a trial court ruling rescinding contracts for the sale of unregistered securities after finding "a clear violation of the Arkansas Securities Act."[5] The parties had stipulated that the seller neither registered the securities nor filed proof of exemption. The court affirmed the rescission after noting that "[i]t is unlawful to offer to sell any securities in this state unless it is registered under the Arkansas Securities Act or exempted from registration."[6] The court considered, but *Page 4 
rejected, affirmative defenses of laches and estoppel to bar rescission of the contracts.[7]
Because registration is plainly a prerequisite to transacting business as either an investment adviser or representative, or as an unregistered broker-dealer, a clear violation of the Arkansas Securities Act similarly occurs when an unregistered individual enters a contract to provide these services. As a general matter, therefore, I believe a forceful argument can be made in favor of rescission in such a case, along with money damages if securities were offered or sold.[8] I believe this reasonably follows fromHogg, supra. But a definitive resolution depends upon the facts of each case. The board may wish to seek the advice of local counsel in determining how best to proceed under the attendant circumstances, as I am not the board's counsel in such matters. The board's regular counsel will be better positioned to advise the board regarding available courses of action under the particular circumstances.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] With certain exceptions, which you have not indicated are applicable in the case at hand, A.C.A. § 23-42-301(c) (Supp. 2009) states: "It is unlawful for any person to transact business in this state as an investment advisor or representative without first being registered under this chapter. . . ." "Investment adviser" is defined as:
 any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing, or selling securities, or who, for compensation, issues or promulgates analyses or reports concerning securities.
A.C.A. § 23-42-102(8) (Supp. 2009).
"Representative" is defined as:
 any partner, officer, director of an investment adviser, or a person occupying a similar status or performing similar functions, or other individual employed by or associated with an investment adviser, except clerical or ministerial personnel, who:
 (A) Makes any recommendation or otherwise renders advice regarding securities;
 (B) Manages accounts or portfolios of clients;
 (C) Determines which recommendation or advice regarding securities should be given; or
 (D) Supervises employees who perform any of the foregoing[.]
Id. at (12).
[2] Your use of the term "broker" prompts me to note that a person transacting business as a "broker-dealer" must also be registered.See A.C.A. § 23-42-301(a). A "broker-dealer" is one who is "engaged in the business of effecting transactions in securities for the account of others or for his or her own account." A.C.A. § 23-42-102(2) (Supp. 2009).
[3] A.C.A. § 23-42-101 et seq.
(Repl. 2000 and Supp. 2009).
[4] Op. Att'y Gen. 86-453 (emphasis added).
[5] 299 Ark. at 287.
[6] Id. at 286 (citing A.C.A. § 23-42-501).
[7] Id. at 287-89. The court also awarded money damages to the purchasers of the securities, plus interest and attorneys' fees, based on A.C.A. § 23-42-106, which imposes civil liability on a seller of unregistered securities. Id. at 287.
[8] A person who "[o]ffers or sells a security in violation of § 23-42-301" is subject to civil liability. A.C.A. § 23-42-301(a)(1)(A) Repl. 2000). As noted above, section 23-42-301 sets forth the registration requirement.